No. 102,645

IN THE MATTER OF THE APPLICATION OF FLEET FOR RELIEF FROM A TAX GRIEVANCE IN SHAWNEE COUNTY, KANSAS, and IN THE MATTER OF THE APPLICATION OF CONNELL FINANCE COMPANY FOR RELIEF FROM A TAX GRIEVANCE IN SHAWNEE COUNTY, KANSAS.

(272 P.3d 583)

Opinion filed January 27, 2012.

*James M. Crowl*, assistant county counselor, argued the cause, and *Richard V. Eckert*, county counselor, was with him on the briefs for appellant Board of Shawnee County Commissioners.

*S. Lucky DeFries*, of Coffman, DeFries, and Nothern, of Topeka, argued the cause, and *Jeffrey A. Wietharn*, of the same office, was with him on the briefs for appellees Fleet and Connell Finance Company.

The opinion of the court was delivered by

BILES, J.: This is an administrative appeal by the Shawnee County Board of County Commissioners from a decision by the Board of Tax Appeals (BOTA) (now the Court of Tax Appeals) setting aside tax assessments the County claims on three executive-style business aircraft for tax years 2000, 2001, and 2002. The dispute arises after the County had agreed in earlier proceedings that the aircraft were not subject to taxation and BOTA ordered them exempted. But the County had a change of heart a few years later and attempted to reassess the aircraft for back taxes, interest, and penalties. The aircrafts' owners objected and commenced this action to avert the taxation. BOTA and the district court agreed with the owners, but each had different reasons for its rulings.

We find the controlling question is whether claim or issue preclusion bars the County from initiating new taxation efforts for the same tax years after the initial BOTA exemption orders became final. As more fully explained below, we hold that both preclusion doctrines apply—preventing the County from relitigating the aircrafts' exemption status for the tax years in controversy. We affirm the district court's judgment and remand this matter to BOTA for it to set aside the County's correction orders and assessment notices for the aircraft and tax years at issue.

FACTUAL AND PROCEDURAL BACKGROUND

For a number of years, Fleet National Bank and Connell Finance Company (the owners) leased business aircraft to Westar Energy, Inc. As was the industry practice at that time, the owners applied with BOTA for an ad valorem tax exemption. Shawnee County officials received notice of these applications because the aircraft were located in that county. The exemptions were sought under K.S.A. 79-201k(b) *First* (Ensley 1989) because the owners claimed the aircrafts' exclusive use was to earn them income through their leasing agreements with Westar. At the time these exemptions were sought, the statute provided a tax exemption for

"all aircraft actually and regularly used exclusively to earn income for the owner in the conduct of the owner's business or industry." K.S.A. 79-201k *First* (Ensley 1989). This version of K.S.A. 79-201k was enacted by the legislature in 1988.

The previous version of the statute exempted "all aircraft actually and regularly used exclusively in the conduct of a business or industry." L. 1982, ch. 390, sec. 4. The legislature amended that language shortly after the Court of Appeals interpreted it as requiring that both the owner and the lessee use the aircraft exclusively for a business purpose in order to qualify for the tax exemption. See *Kenneth Godfrey Aviation v. Smith*, 12 Kan. App. 2d 434, 437, 746 P.2d 1068 (1987), *rev. denied* 242 Kan. 903 (1988).

It is undisputed that BOTA routinely viewed the 1988 statutory amendment as overruling the *Godfrey Aviation* decision and allowing an owner to receive the tax exemption as long as the owner exclusively used the aircraft for business purposes. Under that belief, the lessee's use was not considered relevant. And the County admits in its briefing that "the consensus of most counties, taxpayers, and BOTA was that the Kansas Legislature had overturned the holding in [*Godfrey Aviation*], making lessee use of business aircraft largely irrelevant when considering whether an aircraft was used exclusively for business purposes and entitled to an exemption."

In the case now on appeal, the behavior of the aircrafts' owners and the County suggests that they also believed the 1988 amendment provided the requested tax exemption if the owners' use was exclusively for business purposes, such as leasing to a third party. For example, the owners' documentation when applying for the exemptions was silent regarding how Westar (as lessee) would use the aircraft. And, at the BOTA proceedings, the County did not request information about Westar's use, even though it could have done so. In fact, the County concedes that it agreed to the exemptions when the owners first applied and does not claim the owners withheld relevant details or acted in a misleading or deceptive manner with either BOTA or the County.

Consistent with the parties' apparent expectations, BOTA granted the exemptions effective for the initial tax year when the

applications were made, as well as all subsequent years. The exemptions were not conditioned on Westar's future use of the aircraft. Most importantly, the County did not appeal BOTA's orders—as was its right—and the orders became final.

The County's change in position occurred in 2003 following media reports about an internal Westar investigation into alleged inappropriate personal and recreational use of company aircraft by corporate executives. As publicized, the investigation concluded that the jets had been misused for personal travel, not only by officers and employees of the company, but also their families and friends. The investigation accused the responsible officers of falsely representing in company flight logs that personal travel was undertaken for business purposes. This publicity prompted the County to issue correction orders indicating the aircraft were added to the tax roll and announcing new assessments for taxes and penalties for tax years dating back to 1997.

The County's initial correction orders were unsigned and did not include any reference or statement of legal or factual support as to why they were issued. And a section on the forms entitled "Reason for Change" was left blank. In addition, the forms purported to make the assessments directly against Westar, even though that company was not the owner of the leased aircraft.

Coincidentally, on the day after the County mailed the initial correction orders, this court released *In re Tax Application of Central Kansas E.N.T. Associates, P.A.*, 275 Kan. 893, 69 P.3d 595 (2003), which addressed the same business aircraft exemption under K.S.A. 79-201k(b) *First* in a case not involving Westar or the owners. In that opinion, this court held that the 1988 legislative amendment did not change the statutory exclusive use requirements found in the *Godfrey Aircraft* decision. 275 Kan. 893, Syl. ¶ 4. Our court held that the amended statute, like its predecessor, required that BOTA consider an aircraft lessee's usage, as well as the owner's, before granting a tax exemption. And when an aircraft lessee's use included personal activities, the court determined there were two simultaneous uses—one which fit the purpose of the statute and the other that failed to meet its business exclusivity requirement. We then held that an aircraft would not qualify for

the exemption if either the owner or lessee did not operate the aircraft "exclusively" for the business purpose required by the statute. 275 Kan. at 901.

Notably, the *E.N.T. Associates* decision did not indicate whether its holding should be applied retroactively to undo the exemptions already granted, such as those ordered for the owners' aircraft at issue here. And based on this silence, the County points to *E.N.T. Associates* as authority for its attempt now to relitigate the property exemptions granted for the business aircraft used by Westar.

*BOTA Tax Grievance Proceedings*

After receiving the County's notice to collect back taxes, interest, and penalties, Fleet and Connell submitted tax grievances with BOTA, which were consolidated into a single proceeding. The County argued it had authority to order the assessments under three statutory mechanisms: (1) K.S.A. 79-214, which requires taxpayers to file a statement informing the county appraiser when exempt property is no longer being used for exempt purposes; (2) K.S.A. 79-1422, which provides for assessing penalties when K.S.A. 79-214 is violated; and (3) K.S.A. 79-1427a, which pertains to personal property discovered to have been omitted from the tax rolls and is commonly referred to as escaped property. The owners disputed the County's arguments, but also asserted that the original BOTA orders granting the exemptions were final and could not be reopened.

The owner's grievances originally encompassed Westar-leased aircraft from as far back as 1997 and continuing through the 2005 tax year. But as the dispute progressed through the hearing process, stipulations by the parties and findings by BOTA narrowed the controversy to three aircraft and 3 tax years: N650W for year 2000; N800W for years 2001 and 2002; and N860W for years 2001 and 2002. The issues were addressed in two proceedings.

In its first effort to decide the dispute, BOTA held that the County lacked authority to overturn BOTA's previous orders that were long since final. BOTA ordered the County to cancel all taxes and penalties. It also held that K.S.A. 79-214 was not applicable because there never was a change in use by Westar. And based on

that holding, BOTA reasoned that K.S.A. 79-1422(a), which authorized a penalty for failing to file the form required by K.S.A. 79-214, was inapplicable because K.S.A. 79-214 was not violated.

Undeterred, the County filed a petition for reconsideration. It argued BOTA misinterpreted the exemption statutes in its first order, erred by finding there was no change in use under K.S.A. 79-214, and erroneously found that K.S.A. 79-1422(a) only authorized the County to pursue a penalty but not back taxes. BOTA granted the motion to reconsider, and in doing so effectively reopened all previously decided issues. It then required the parties to rebrief the issues and ordered another hearing.

At the conclusion of this rehearing process, BOTA issued a second decision partially reversing its original determinations. It found K.S.A. 79-214 had obligated the owners to report to county officials that the aircraft no longer qualified for exemption. BOTA then reasoned that since the taxpayers failed to make this statutorily required report, the penalties under K.S.A. 79-1422(a) applied. But in so holding, BOTA also determined that those statutory penalties abated under K.S.A. 79-1422(c) because of excusable neglect. The agency reasoned that the owners could not have foreseen how the statute would be interpreted by this court in *E.N.T. Associates*.

Regarding the escaped property statute, BOTA held that K.S.A. 79-1427a was broad enough to permit retroactive taxation and that the aircraft were underreported because the owners did not disclose Westar's use. But that retroactive taxation, as attempted by the County, was inappropriate because the County failed to comply with the procedural requirements set out in K.S.A. 79-1427a(a) by not formally designating the aircraft as "escaped" property on its appraisal roles. BOTA further noted that the county clerk had not certified and designated the amount of tax due and that the county treasurer had not issued an escaped property tax bill to the owners.

Because the County failed to follow these required procedures, BOTA held the owners still had a statutorily granted 45-day period to pay any tax owed. And any tax or interest imposed by the County was premature. See K.S.A. 79-1427a(a). It then held any remaining issues moot.

The County timely filed a petition for review with the district court pursuant to K.S.A. 74-2426(c) (final BOTA order appealable under the Kansas Judicial Review Act).

*District Court Proceedings*

In its appeal to the district court, the County argued that BOTA misinterpreted and misapplied the escaped property statute by finding that no taxes were owed because the County failed to properly cite the applicable statute in its correction orders; erred by concluding the aircraft were not subject to penalty under K.S.A. 79-1422 or 79-1427a because of the taxpayers' excusable neglect; and improperly imposed the burden of proof on the County.

In their response, the owners disputed the County's specific contentions, but also noted they had "other arguments and disagreements" with the County's claims and the Board's order that they intended to present during the district court's briefing process. But as to these issues, it is unclear what statutory vehicle the owners believed could be employed to address their additional disagreements with the BOTA order because they did not cross-appeal any allegedly adverse findings or conclusion by BOTA as required by the Kansas Judicial Review Act (KJRA). See K.S.A. 74-2426(c) (BOTA orders subject to KJRA); K.S.A. 77-607(defining persons entitled to judicial review); K.S.A. 77-614 (contents of petition).

An additional oddity in the lower court proceedings occurred on the same day the County filed its brief on the merits because the County simultaneously issued new "corrected" tax orders to the owners in an apparent attempt to rectify the procedural failings noted by BOTA in its second memorandum order. These corrected tax assessments were attached to and discussed within the County's district court brief, along with affidavits from county officials alleging new factual contentions that claimed the County had completed the other procedural requirements found lacking by BOTA as prerequisites to imposing back taxes. The County then argued the district court could simply add these newly created documents to the administrative record on appeal and find the newly issued tax orders related back to the original orders, curing any defects noted by BOTA. As such, the County argued, it could pursue taxes,

penalties, and interest under the escaped property statute in the district court as a part of its KJRA appeal.

In its ruling on the merits, the district court held that the doctrine of res judicata applied to bar the County's claims because the original exemption orders were final and there was no statutory mechanism permitting the County to reopen or relitigate the issues resolved by the original exemption proceedings. The district court further determined that the requirement to report when exempt property ceases to be used exclusively for that purpose under K.S.A. 79-214 was inapplicable because there was never a change in the aircraft's use. And, finally, the district court held that the escaped property statute, K.S.A. 79-1427a, did not apply because BOTA's original order simply mandated that the property not be taxed. Therefore, the court reasoned, the aircraft were not escaped property as envisioned by that statute. The district court also observed:

"Here, there was never a change in exempt use and a determination of exempt use had been the very subject and nexus of the tax exemption procedure. To urge that one must report—has a duty under K.S.A. 79-214 to report—as a change in use a very use the grant of tax exemption implicitly sustained has an *Alice in Wonderland* quality to it. Such a construction would undermine the very sanctity of the adversarial procedural process intended to the grant of an exemption itself. The Legislature could not have intended such a consequence. Accordingly, it would not be until the standard or standards prescribed for the exemption granted was authoritatively changed or was authoritatively challenged that K.S.A. 79-214 could apply if only the previously approved exempt use was the issue. This would anticipate a prospective change, not a retroactive one."

The County appealed. The owners did not cross-appeal, as was their right, but have attempted to argue in their briefs to this court that the County's tax assessment effort against them violated equal protection because the County had made no effort to retroactively tax any other businesses that received the exemptions. We will not address this claim below and hold that any equal protection issue was waived because the owners did not cross-appeal on that point. K.S.A. 60-2103(h); *Mid-Continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 191-92, 106 P.3d 483 (2005) (appellee must file a cross-appeal to preserve an issue on appeal not raised by an appellant). The right to appeal is entirely statutory. *Butler County*

*R.W.D. No. 8 v. Yates*, 275 Kan. 291, 299, 64 P.3d 357 (2003). We have jurisdiction to decide the County's claims under K.S.A. 20-3018(c) (transfer from the Court of Appeals on the court's own motion).

## DISCUSSION

In this appeal, the County argues it may retroactively assess taxes on these aircraft and that the doctrine of res judicata does not apply. And even if it does apply, the County continues, this court should decline to enforce the doctrine because it would create poor public policy. BOTA did not reach this policy point because it found the assessments were inappropriate on other grounds. The district court viewed the controversy differently than BOTA, but at its core the district court held the doctrine of res judicata barred the County's claims because there was no statutory procedure to reexamine or change the initial order.

We believe the primary questions are: (1) Does claim or issue preclusion bar the County from issuing new tax assessments on the owners' aircraft for past tax years when that property was exempted in previous BOTA proceedings? and (2) Even if these claims normally would be precluded, is there a statutory mechanism allowing the County to re-open the tax exemptions?

In answering these questions, we will discuss the different approaches BOTA and the district court took to deal with this controversy.

### Standard of Review

The KJRA defines the appropriate standard of review and enumerates eight circumstances in which a court may grant relief from an agency action. K.S.A. 77-621(c). An appellate court exercises the same statutorily limited review of an agency's action as the district court. *Frick Farm Properties v. Kansas Dept. of Agriculture*, 289 Kan. 690, 697, 216 P.3d 170 (2009). Under the KJRA, the County bears the burden of establishing BOTA erred. K.S.A. 77-621(a)(1) (party asserting invalidity has the burden of proving it).

At the outset, we note that in its district court pleadings and the briefs to this court, the County failed to identify which sections of K.S.A. 77-621 it relies upon to claim it is entitled to relief. As we have previously indicated, a party's failure to specifically reference the statutory provisions upon which relief is sought is problematic because a court reviewing an administrative action may only grant relief if one of the enumerated statutory provisions is violated. 289 Kan. at 697; see also *Pittsburg State University v. Kansas Bd. of Regents*, 30 Kan. App. 2d 37, 45, 36 P.3d 853 (2001), *rev. denied* 273 Kan. 1036 (2002) ("specificity in pleading under the KJRA is necessary to give focus to the asserted agency error and to give the reviewing court a proper understanding of the type of relief sought").

A review of the County's claims suggests it is relying on K.S.A. 77-621(c)(4) because the County argues BOTA erroneously interpreted or applied the law. An effort at oral argument to have the county counselor articulate the statutory basis for relief appears to confirm this. Accordingly, we will review the County's claims under that provision.

*Claim and Issue Preclusion Apply*

The district court's references to res judicata are broad enough to encompass both claim and issue preclusion. The modern trend is to more precisely refer to claim preclusion as res judicata and issue preclusion as collateral estoppel. *Waterview Resolution Corp. v. Allen*, 274 Kan. 1016, 1023, 58 P.3d 1284 (2002). But since it is not entirely clear whether the district court was relying upon claim or issue preclusion, we will consider both doctrines under the general umbrella of res judicata. Whether claim or issue preclusion applies is a question of law subject to unlimited appellate review. *Winkel v. Miller*, 288 Kan. 455, 467, 205 P.3d 688 (2009).

Claim preclusion is a common-law doctrine, designed to prevent relitigation of a final judgment. In Kansas, four elements must be met to invoke the doctrine. Most plainly stated, claim preclusion requires: (1) the same claim; (2) the same parties; (3) claims that were or could have been raised; and (4) a final judgment on the

merits. *Winston v. State Dept. of SRS*, 274 Kan. 396, 413, 49 P.3d 1274 (2002).

In the case before us, there is no real question that these four elements are present. The same parties are involved and the original tax exemption proceedings reached a final judgment on the merits. Furthermore, the second effort at taxation involves the same claim, which is defined as whether the subject property qualified for a tax exemption under K.S.A. 79-201k(b) *First* during the tax years in question. And finally, the County's interpretation of the statute as argued in this appeal could have been raised during the first proceedings. We hold that the elements of claim preclusion are met.

Issue preclusion prevents a second litigation of the same issue between the same parties, even when raised in a different claim or cause of action. Three elements are required for issue preclusion: (1) a prior judgment on the merits that determined the parties' rights and liabilities on the issue based upon ultimate facts as disclosed by the pleadings and judgment; (2) the same parties or parties in privity; and (3) the issue litigated must have been determined and necessary to support the judgment. *Venters v. Sellers*, 293 Kan. 87, 98, 261 P.3d 538 (2011). Again, we hold that all three elements are satisfied in this case. The same parties are involved, there was a prior judgment on the merits, and the determination that the airplanes qualified for exemption was necessary to the judgment.

But even though the elements of claim and issue preclusion are technically satisfied, the County argues that neither doctrine should be applied here because: (1) claim preclusion does not apply to all administrative actions; (2) the original exemption orders were based upon a mistaken understanding of the law; (3) promissory estoppel does not apply to government tax matters; and (4) Kansas tax policies require that counties have authority to rectify tax errors. And while some of these principles are true under different circumstances, none of these exceptions apply in this case, predominately because the County is attempting to relitigate tax determinations *for the same tax years*. Each argument is addressed below.

*Preclusion applies to agency determinations made in a judicial capacity*

The County argues the preclusion doctrines should not apply because ordinarily not all administrative agency decisions are subject to them, such as actions taken in an administrative or legislative capacity, citing *Warburton v. Warkentin*, 185 Kan. 468, 345 P.2d 992 (1959) ("The doctrine of res judicata does not ordinarily apply to decisions of administrative tribunals."). The County contends that the doctrine of res judicata "is not an iron legal mandate that must be applied regardless of the underlying circumstances." But this argument attempts to mask the nature of the proceedings at issue with this aircraft, and in doing so underscores the fatal flaw in the County's position.

This court has held that the doctrine of res judicata applies to administrative determinations " 'when the first administrative proceeding provides the procedural protections similar to court proceedings when an agency is acting in a judicial capacity.' " *Winston*, 274 Kan. at 413 (citing *Parker v. Kansas Neurological Institute*, 13 Kan. App. 2d 685, 686, 778 P.2d 390, *rev. denied* 245 Kan. 785 [1989]). And there is no doubt in this case that BOTA was acting in a judicial capacity when it approved the tax exemptions for these aircraft. See *Brown v. U.S.D. No. 333*, 261 Kan. 134, 155-56, 928 P.2d 57 (1996) (judicial function requires notice and a hearing, involves the application of legal criteria to specific facts, or carries with it any of the "normal trappings" of a judicial inquiry, such as the presentation of evidence or the presence of counsel).

The fact that administrative decisions made in a legislative or administrative capacity are not subject to res judicata principles does not mean the decision in this case escapes the doctrine's function here. Application depends upon the nature of the proceedings, which in this instance involves BOTA acting in a judicial capacity, and the existence of the other requisite elements of the doctrine in issue.

The County simply offers no support for its claim that the preclusion doctrines should not apply in this case. We find this argument to be without merit.

*Preclusion bars a second action on the same claim for the same tax year*

Next, the County argues the preclusion doctrines should not bar its tax collection efforts because the original exemption orders were based on a mistaken understanding of the law, which this court corrected in *E.N.T. Associates*. For this contention, the County first directs our attention to *Commissioner v. Sunnen*, 333 U.S. 591, 68 S. Ct. 715, 92 L. Ed. 898 (1948), and *Tait v. Western Md. Ry. Co.*, 289 U.S. 620, 53 S. Ct. 706, 77 L. Ed. 1405 (1933), as caselaw authority that "res judicata should not attach to exemption orders that were entered as a matter of course over several years under a mistaken understanding of the law." But these cases are not applicable.

*Tait* and *Sunnen* pertain to whether a government entity is bound by a prior adjudication in a *different tax year*. For example, the taxpayer in *Sunnen* had entered into a contract gifting certain royalty income to his wife. In 1935, the Tax Court held that the income paid to the wife under that agreement was not taxable to him for the years 1929-1931. But the taxpayer's liability for income paid to his wife under the same agreement arose again during 1937, and the issue then was whether the courts were required to follow the 1935 decision for the 1937 tax year based on the principles of res judicata. The Tax Court held that it was bound by the 1935 decision, but the United States Supreme Court reversed.

In doing so, the Court noted that income taxes are levied annually and each tax year creates a new liability and a separate cause of action based on that particular tax year. It then held that "a judgment on the merits is res judicata as to any subsequent proceeding *involving the same claim and the same tax year*." (Emphasis added.) 333 U.S. at 598. The Court found the prior judgment acted as a collateral estoppel on the matters actually presented and determined in the first lawsuit. 333 U.S. at 598-99; see also *Limbach v. Hooven & Allison Co.*, 466 U.S. 353, 362, 104 S. Ct. 1837, 80 L. Ed. 2d 356 (1984) (doctrine of collateral estoppel does not apply because this case does not involve the same tax years); *Tait*, 289 U.S. at 623-24 (final judgment on the merits is a

bar to a subsequent action between the same parties on the same claim or demand, but not if subsequent action involves different tax years).

The *Sunnen* Court concluded its analysis by explaining the policy behind allowing the relitigation of a similar tax issue for a different tax year, stating:

"[Collateral estoppel] is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally. It is not meant to create vested rights in decisions that have become obsolete or erroneous with time, thereby causing inequities among taxpayers." 333 U.S. at 599.

This authority actually supports the district court's ruling that the County was barred from relitigating the aircrafts' exempt status for the 2000, 2001, and 2002 tax years. *Sunnen* and *Tait* involved different tax years, but as noted above the *Sunnen* Court clearly states that relitigation of the same claim from the same tax year is prohibited. 333 U.S. at 598. And the County's claim that these cases support their attempt to relitigate the property's exempt status in these tax years lacks merit.

Similarly, the County directs us to secondary legal authority that also does not support the proposition advocated by the County. It argues that the Restatement (Second) of Judgments, § 28 (1980), which pertains to issue preclusion, allows for the relitigation of a prior judgment for the same tax year when based on a mistake of law. The portion of the Restatement cited by the County states:

"Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

. . . .

"(2) The issue is one of law and . . . a new determination is warranted . . . to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws."

Admittedly, it is not entirely clear at first glance from the language of this section whether this provision is meant to include the relitigation of an exemption from a prior tax year. But context provides that clarity. Illustration 3 to the Restatement makes apparent

that this section is meant to establish that a party is not precluded from relitigating an issue when there is ongoing conduct and the law governing that conduct changes. Illustration 3 states:

"A, a state agency, brings an action against B to revoke B's wholesale liquor license on the ground that B has violated the law governing the license by selling only to himself as a retailer. The court grants B's motion to dismiss for failure to state a claim, holding that the conduct charged does not violate the law. In a subsequent action by A against C, a higher court holds that identical conduct by C is ground for the revocation of C's wholesale liquor license. In a second action against B for revocation of B's license, A is not precluded from asserting that since the first dismissal, B has continued, as before, to sell only to himself as a retailer." Restatement (Second) Judgments § 28.

Under this section, as supported by the Illustration, a party engaging in ongoing conduct cannot use issue preclusion to immunize itself from a change in the law because the issue was previously litigated. But it does not authorize the reopening of a final judgment in a prior tax year, which is what the County is trying to do.

Thus, the County's assertion that it may reopen the tax exemptions granted for the 2000, 2001, and 2002 tax years because this court's *E.N.T. Associates* decision conflicted with the County's previously held belief regarding eligibility for the exemption lacks merit.

*Promissory estoppel caselaw is irrelevant to whether res judicata applies*

Next, the County directs our attention to several Kansas cases holding that promissory or equitable estoppel and estoppel by laches do not apply to matters relating to public welfare, taxation, or the exercise of police powers, specifically: *Skinner v. Mitchell*, 108 Kan. 861, 197 P. 569 (1921) (doctrine of laches); *Harvey County Comm'rs v. School District*, 139 Kan. 457, 32 P.2d 812 (1934) (promissory estoppel); and *Shriver v. Board of County Commissioners*, 189 Kan. 548, 552-53, 370 P.2d 124 (1962) (promissory estoppel).

But none of these cases involve an attempt to relitigate a tax exemption from the same tax year, and a closer review of *Shriver* actually supports barring the County's suit in this case. In *Shriver*, for example, a commercial building was exempted from taxes be-

cause it was held in a trust benefiting the City of Wichita. The petition for the exemption order only sought a determination regarding the 1937 tax year. But the City removed the building from its tax rolls until 1959 when it assessed taxes for that tax year. The trustees appealed the 1959 tax order. The district court vacated the 1959 tax assessments, holding that the 1938 exemption order was final and binding on that date and as long as the same statutes and owners existed. This court reversed, holding that the 1938 order only granted an exemption for the 1937 tax year because the petition did not seek a determination for any subsequent years and the district court erred in finding the City bound by it for the 1959 tax year. 189 Kan. at 552-53. Notably, the City was not seeking the taxes exempted in the 1938 order or trying to retroactively assess taxes from 1938 to 1958.

The *Shriver* court's treatment of the 1938 judgment suggests an attempt to relitigate the final exemption order would not have been well taken. But the County cites the case for a different proposition. It focuses on the trustees' claim that the City acquiesced to the district court's 1959 decision that the property was exempt by refunding the first half of the 1959 taxes the trustees had paid under protest. And in response to that argument, this court held that "[i]n matters relating to the public welfare, taxation, or any exercise of the police powers, the state or one of its political subdivisions is not estopped to assert or protect public rights." 189 Kan. at 556. In other words, the City's decision to refund the 1959 taxes as ordered by the court did not prevent it from appealing the order to establish the property was not in fact exempt.

This holding cannot be read, as argued by the County, as establishing that preclusion doctrines do not apply to final tax orders. Similarly, the other cases cited by the County are inapplicable to the questions presented because they do not address the same factual scenario and do not support the County's effort to reach back and tax property exempted under a final BOTA order. Again, we find this argument by the County to be without merit.

*Kansas tax policy does not support a new exception for preclusion*

The County next makes two public policy arguments, which it claims provide important context in support of its position that the County must be able to retroactively tax personal property that, for whatever reason, avoided taxation. But both policy arguments require us to deviate from our previous caselaw in favor of invoking preclusion under appropriate circumstances similar to this one.

First, the County argues it is the taxpayer who is responsible for "properly" reporting personal property, not the County, citing *In re Tax Protest of United Ag Services*, 37 Kan. App. 2d 902, 159 P.3d 1050 (2007). In that case, two grain elevators were mistakenly omitted from the tax rolls and the primary issue was whether they could be added after the fact under the statute applicable to real property, K.S.A. 79-1475. The Court of Appeals in ruling in favor of the grain elevators' owner compared a taxpayer's duty to report personal property with the county appraiser's duty to list and appraise real property, saying: "In the case of personal property, the taxpayer has a statutory responsibility to *report* taxable property to the taxing authority; in the case of real property, it is the county appraiser who must list and appraise the property without any affirmative obligation on the taxpayer to *report*." 37 Kan. App. 2d at 913. The County seizes on this language and argues this taxpayer "duty" is relevant now because the district court erroneously "placed the legal responsibility for appropriately characterizing the proper status of the aircraft on the County."

But this argument lacks merit because it reflects a failure to appreciate the meaning of claim preclusion, and it is not relevant to the issue before the court. The County suggests that public policy should permit any taxing authority at anytime to reopen tax proceedings in an effort to collect revenue. But as pointed out by the aircraft owners' counsel at oral argument, taxpaying businesses also need to have finality regarding their tax liabilities, which is a competing policy concern and one recognized in our caselaw, including *United Ag Services* when it observed "finality in matters of taxation is critical." 37 Kan. App. 2d at 912.

The second policy argument the County raises pertains specifically to tax exemptions. The County contends that since the general

rule is that personal property is subject to tax and exemptions are to be the exception, this court should decline to apply claim preclusion in this case to uphold the preference for taxing property.

But it is nonsensical to believe that applying the doctrines of claim or issue preclusion as the courts have done in previous cases will undermine the general rule. As noted earlier, these doctrines were designed purposefully to prevent a case such as this where the County seeks to overrule a prior exemption order for the same tax years. And we decline to depart from our long history of applying claim and issue preclusion to prevent parties from relitigating issues that have reached final judgment.

*No statutory mechanism exists for reopening the tax assessments*

The County next makes two statutory arguments that it claims should deflect an adverse ruling based on claim preclusion. First, the County asserts that since the aircraft should not have been exempted in the first proceeding, they were "escaped" property as that term is used in K.S.A. 79-1427a. And if so, the County claims, it may retroactively tax the aircraft under that statute in a new proceeding. Second, the County argues it can retroactively tax the aircraft under K.S.A. 79-214 because the owners failed to notify the county appraiser when the exempted property ceased to be used exclusively for the exempt purpose. We examine each statute separately, but the arguments under both inevitably circle back to the same place and remain linked to the same issues already resolved in the original exemption proceedings, *i.e.*, whether the aircraft qualified for the business tax exemption.

*The escaped property statute*

As to the escaped property statute, K.S.A. 79-1427a, the County argues it provides a mechanism to retroactively tax the property because the aircrafts' values were "underreported" in the initial proceedings. The district court and BOTA differed in how they addressed this contention. The district court rejected it outright and held that the aircraft had not escaped taxation as defined by the statute because BOTA's original order found the property was not subject to any tax; therefore, the court concluded the statute

did not apply in this case. But BOTA based its decision on what it found to be the County's failure to comply with K.S.A. 79-1427a(a)'s procedural requirements, which it said were a prerequisite to issuing the escaped property tax assessments. Therefore, BOTA determined, the County assessment effort was barred.

During the district court proceedings, the County attempted to address the procedural deficiencies identified by BOTA by issuing "corrected" tax assessments that the County argued complied with the statute's requirements. For reasons that are not clear in the record, the district court allowed the County to supplement the agency record with the corrected tax assessments over the owners' objections but then found the effort to no avail because of the court's view of the issues. And we feel obligated to note that we find no statutory authority allowing the addition of new evidence under these circumstances. See K.S.A. 77-619(a) (establishing two limited exceptions for when new evidence can be added to the agency record); see also K.S.A. 2010 Supp. 77-618 (judicial review of disputed facts is limited to the agency record unless an exception applies); *Brewer v. Schalansky*, 278 Kan. 734, 747, 102 P.3d 1145 (2004).

But we are prevented from holding that the County's supplemental documents were improperly admitted because the owners failed to cross-appeal the district court's order as required by K.S.A. 2010 Supp. 60-2103(h). *Cooke v. Gillespie*, 285 Kan. 748, 755, 176 P.3d 144 (2008) (appellee must file a cross-appeal to present adverse rulings to the appellate court). As such, we must determine whether issue preclusion bars the County from arguing that this property was underreported and had escaped taxation.

As discussed above, issue preclusion requires a prior judgment on the merits that determined the parties' rights and liabilities on the issue based upon ultimate facts as disclosed by the pleadings and judgment, the same parties or parties in privity, and the issue litigated must have been determined and necessary to support the judgment. *Venters*, 293 Kan. at 98. A review of the escaped property statute is required to define the issue presented.

Under K.S.A. 79-1427a(a), tangible personal property has escaped taxation if it "has been underreported for whatever reason."

When property is found to have been underreported within the time allowed by statute, the county appraiser is required to list and appraise the underreported portion of the property, adding a 50 percent penalty for escaping taxation. K.S.A. 79-1427a(a). The County argues this statute applies and authorizes these retroactive taxes because the property was "underreported." In its order on reconsideration, BOTA agreed and held that the property was "underreported because the Taxpayers simply did not report the lessee's use of the subject aircraft."

But the original exemption orders turned on this same issue, *i.e.*, whether the lessees' use is relevant to whether the owners' property qualified for the business tax exemption under K.S.A. 79-201k(b) *First*. The lessee's use was not reported because none of the parties thought it was relevant, and the exemption was approved based on all parties' mutual position that it was irrelevant. Nothing prevented the County from seeking information on Westar's use at the time the owners sought the exemptions, and there is no allegation that the County was prevented from arguing that Westar's use was relevant under K.S.A. 79-201k(b) *First*.

We hold that since the County had an opportunity to fully litigate the relevance of the lessee's use, all parties agreed that the only necessary determination involved the owners' use, and BOTA's initial decision was based entirely on the owners' use that the doctrine of issue preclusion bars the County for arguing that the property had escaped taxation. We agree that K.S.A. 79-1427a does not permit the retroactive assessment the County contemplates. We hold that issue preclusion bars the County from arguing that the property was underreported. Thus, we do not need to reach whether the statute applies under these facts as the district court did.

*The statute requiring a statement upon cessation of exempt use*

Finally, the County argues it can retroactively tax the aircraft under K.S.A. 79-214 because the owners failed to notify the county appraiser when the exempted property ceased to be used exclusively for the exempt purpose. BOTA agreed with the County and held that the taxpayers were required to file a statement indicating

the property was no longer used for an exempt purpose at the time *E.N.T. Associates* was decided, although it then held that any penalties should be abated due to excusable neglect as permitted by K.S.A. 79-1422(c) because the owners could not foresee that the law would change during the tax years at issue. The district court reversed this rationale, holding instead that the owners were not required to report a change in use when "there was never a change in exempt use and a determination of exempt use had been the very subject and nexus of the tax exemption procedure." We agree with the district court and hold that the owners were not required to report a change in use under K.S.A. 79-214.

When exempted property "ceases to be used exclusively for an exempt purpose" the property owners must submit a statement to the county appraiser within 30 days, indicating the property is no longer used for the exempt purpose. If that statement is not timely filed, the property is subject to penalties prescribed in K.S.A. 79-1422. K.S.A. 79-214. But it is important to emphasize that at the time BOTA first entered an order exempting the airplanes under K.S.A. 79-201k *First*, the owners used the aircraft for their business purposes only (leasing to third parties). Moreover, the parties stipulated that there was never a change in the use of this property between the time of the original proceeding and the grievance hearings, so it is counterintuitive for the County to argue that the property "ceased to be used for an exempt purpose."

As the district court held, the use of the aircraft continued in the same manner as when BOTA originally held the owners qualified for an exemption. At its core, the reality is simply that the County's understanding of the law changed, so the County is trying now to stretch K.S.A. 79-1422 beyond its intended purpose to reopen a valid, final judgment for these particular taxpayers.

In short, issue preclusion prevents the County from retroactively taxing the aircraft for the years in which the owners had a valid exemption order. And neither K.S.A. 79-1427a nor K.S.A. 79-1422 provides a statutory mechanism to reopen the original exemption orders.

The judgment of the district court remanding the matter to BOTA with direction to dismiss is affirmed.

BEIER, J., not participating.

RULON, C.J., and BRUCE T. GATTERMAN, District Judge, assigned.