**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DERON MCCOY, JR.,

     Plaintiff - Appellant,

v.

DAVID MILLER, Law Enforcement
Officer, Hutchinson Police Department, in
his individual and official capacity; CHRIS
SCHULTZ, Law Enforcement Officer,
Hutchinson Police Department, in his
individual and official capacity; LEE
CAMPBELL, Law Enforcement Officer,
Hutchinson Police Department, in his
individual and official capacity;
MICHAEL C. ROBINSON, City
Prosecutor, Municipal Court of
Hutchinson, Kansas, in his individual and
official capacity;

     Defendants - Appellees.

No. 15-3223
(D.C. No. 5:12-CV-03050-JAR)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **PHILLIPS**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

DeRon McCoy, Jr., proceeding pro se, advances claims under 42 U.S.C. § 1983, arguing that three police officers violated his Fourth Amendment rights by forcibly entering his home without a warrant, consent, probable cause, or exigent circumstances, and then arresting him. The district court granted the officers summary judgment on the basis of qualified immunity. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## I

The district court found the following facts to be uncontroverted, and McCoy does not dispute them on appeal. In response to a 911 call, the officers were dispatched to McCoy's home. Upon arriving, they found the mother of McCoy's girlfriend outside visibly shaken, very upset, and vocally concerned about what was happening inside the home. She told them McCoy was inside with his girlfriend and the couple's infant daughter; that he had a history of physically abusing his girlfriend, whom she had seen him hit in the past; and that McCoy had also hit the mother in the past and threatened to kill her if she reported the abuse. She also reported hearing the couple arguing upstairs that night, including McCoy saying that he was not playing around with her anymore, someone being pushed, and McCoy possibly hitting his girlfriend.

---

[1] McCoy's notice of appeal also included Michael Robinson, the City Prosecutor, as an appellee. However, McCoy does not mention Robinson in his appellate brief or present any issues involving him. Any challenge to the district court's dismissal of the claims against Robinson is waived. See Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[O]mission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

One of the officers knocked on the door, identified herself as a police officer, and asked for the door to be opened so the officers could check on his girlfriend's safety. His girlfriend indicated she was okay, but because the officers could not see her and believed McCoy was standing right beside her, they were concerned she was not able to communicate honestly with them. The officers continued to ask for the door to be opened so they could confirm she was safe. Speaking through the locked door, McCoy and his girlfriend told the officers they could not come in without a warrant and refused to open the door. McCoy and his girlfriend also denied the officers' request for them to come outside. The officers then kicked in the door and entered the home with guns drawn. McCoy was handcuffed and taken to another room while two of the officers examined his girlfriend for injuries, finding none. The officers learned McCoy had an outstanding arrest warrant and arrested him. He was also arrested for obstruction of justice based on his refusal to let the officers enter the home or to come outside. McCoy argues that the forcible entry and resulting arrest violated the Fourth Amendment. The district court disagreed, granting qualified immunity to the officers. This appeal followed.

**II**

We review de novo the district court's grant of summary judgment. Lundstrom v. Romero, 616 F.3d 1108, 1118 (10th Cir. 2010).[2] A party is entitled to

---

[2] McCoy also argues that the district court failed to make findings of fact or conclusions of law before denying his motion for summary judgment. We do not reach this argument because the district court's denial of summary judgment is not appealable. Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013).

summary judgment only if, viewing the evidence in the light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law. Lundstrom, 616 F.3d at 1118. To defeat summary judgment based on qualified immunity, the plaintiff bears the burden to demonstrate that the defendants violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. Quinn v. Young, 780 F.3d 998, 1004 (10th Cir. 2015). We construe McCoy's pro se filings liberally, but we will not supply additional factual allegations or construct legal theories on his behalf. See Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009).

"[S]earches and seizures inside a home without a warrant are presumptively unreasonable" under the Fourth Amendment. United States v. Najar, 451 F.3d 710, 713 (10th Cir. 2006) (quotation omitted). "The Supreme Court has made clear, however, that police may enter a home without a warrant where they have an objectively reasonable basis for believing that an occupant is seriously injured or imminently threatened with such injury." West v. Keef, 479 F.3d 757, 759 (10th Cir. 2007). If such "exigent circumstances" exist, the entry and search do not violate the Fourth Amendment so long as the manner and scope of the search is reasonable. Najar, 451 F.3d at 718. We review de novo whether the facts the district court found satisfy the exigency exception. See United States v. Davis, 290 F.3d 1239, 1241 (10th Cir. 2002).

Although not every domestic call justifies a warrantless entry, see id. at 1244 (rejecting "a special rule for domestic calls because they are inherently violent"), the

4

officers had information in addition to the call that indicated McCoy's girlfriend's safety could be at imminent risk. In particular, the mother demonstrated distress, described that she heard a threat against—and potential physical abuse of—his girlfriend that night, and made statements demonstrating McCoy had a reputation for violence. Cf. id. at 1243 (absence of a reputation for violence weighs against exigency).[3] This information provided a reasonable basis for investigating further. Moreover, McCoy's and his girlfriend's refusal to allow the officers to either come inside or speak with his girlfriend outside the home did not allay their legitimate concerns. McCoy's post hoc attempt to describe efforts the officers could have used—such as asking the couple to stand in front of a window—is unavailing. Given the totality of the circumstances, the officers had an objectively reasonable basis to be concerned for McCoy's girlfriend's safety, which concern constituted exigent circumstances justifying a search. See Najar, 451 F.3d at 720 (considering the totality of the circumstances in determining that exigent circumstances existed). Thus, McCoy has not shown a violation of his constitutional rights.[4]

---

[3] McCoy argues that the mother's statements are inadmissible hearsay. An out-of-court statement is hearsay if "a party offers [it] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). The prosecution did not submit the mother's statements to demonstrate their truth; rather, the statements were submitted to show why the officers sought to ensure McCoy's girlfriend's safety. Accord United States v. Edwards, 782 F.3d 554, 560 (10th Cir.) ("[A]n out of court statement is not hearsay if it is offered for the limited purpose of explaining why a government investigation was undertaken." (quotation omitted)), cert. denied, 136 S. Ct. 153 (2015). Thus, the mother's statements were not hearsay.

[4] McCoy also argues that criminal proceedings on his obstruction of justice charge preclude the district court's grant of qualified immunity. For issue preclusion

**III**

The judgment of the district court is **AFFIRMED**. McCoy's motion to proceed in forma pauperis is **GRANTED**. All other pending motions are **DENIED** as moot.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

to apply, the officers must have been parties to that municipal court proceeding or in privity with the parties in that action. See In re Application of Fleet for Relief from a Tax Grievance in Shawnee Cty., 272 P.3d 583, 589 (Kan. 2012). The officers were neither, and issue preclusion does not apply. Accord Kinslow v. Ratzlaff, 158 F.3d 1104, 1105-06 (10th Cir. 1998).