NOT DESIGNATED FOR PUBLICATION

No. 124,624

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERNEST LEE TAYLOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; JASON GEIER, judge. Opinion filed October 7, 2022. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., GREEN and HILL, JJ.

PER CURIAM: Ernest Taylor appeals the district court's denial of his pro se motion challenging how his jail-time credit was applied at sentencing. The district court denied Taylor's motion because he had already presented that same claim to the court multiple times, and preclusive principles counsel against repeated consideration of the same claim. We agree and affirm the district court's judgment.

In July 2007, Taylor was arrested for committing crimes while he was serving a postrelease-supervision term in five felony cases. Taylor was arrested and remained in jail as his new case proceeded to trial. A jury found Taylor had committed aggravated robbery, obstructing legal process, and aggravated burglary.

1

Taylor's sentencing hearing in the new case was held in August 2008. He was sentenced to a controlling prison term of 281 months, followed by 12 months of postrelease supervision. The sentencing court ordered his new sentence to run consecutive to his sentences in his previous cases—that is, consecutive to the completion of his incarceration for his postrelease-supervision violation. The court then directed the parties to determine the appropriate jail-time credit and how that credit should be applied.

The resulting journal entry of sentencing awarded no jail-time credit for Taylor's pretrial incarceration against his 2007 sentence. The record on appeal includes a letter from the Kansas Department of Corrections, stating that Taylor's jail time was credited toward satisfying the balance of his postrelease-supervision term in his earlier cases.

Since 2008, Taylor has filed four pro se motions challenging how the sentencing court credited his jail time. In each instance, he has argued that the court should have awarded credit for pretrial incarceration toward his new case instead of toward the remaining postrelease-supervision term of his existing felony cases. Most notably, Taylor filed a motion in 2008 and two motions in 2018—one in April of that year and one in December—raising this argument. While the record does not contain the district court's ruling on the 2008 motion, it does demonstrate that the court considered but ultimately denied both motions filed in 2018:

- The court denied Taylor's April 2018 motion after a hearing a few months after the motion was filed. The court indicated—based on the letter from the Department of Corrections we have previously referenced—that Taylor's jail-time credit had been applied to his previous four felonies and thus was unavailable in this case. Taylor did not appeal this decision.

2

- The court denied Taylor's December 2018 motion—which raised the same claim he had raised in April—in 2020 without a hearing. The court found Taylor's December 2018 motion to be successive since it had already denied an identical request. Again, Taylor did not appeal the court's decision.

This appeal concerns Taylor's fourth motion, filed in April 2021, seeking the same relief. Again, Taylor argued that the time he spent in pretrial detention should be credited towards his sentence in his 2007 case, not toward his incarceration for his postrelease-supervision violation in his previous cases. He also argued that he never received jail-time credit towards the postrelease-supervision portion of his previous cases because that calculation is not reflected in the presentence investigation report or journal entry. The district court denied Taylor's motion as successive, referencing its 2018 and 2020 denials.

On appeal, Taylor argues that the district court erred in denying his most recent motion as successive without considering the merits of his claims. He acknowledges that the jail-credit issue was decided on the merits previously. But he argues that the court's earlier decisions, which the district court relied on in its most recent denial, were clearly erroneous and warrant review and reversal. We disagree.

Ordinarily, the law favors resolving arguments on their merits. But in some instances, such as when a litigant repeatedly raises the same issue in successive motions, courts may decline to consider the arguments anew. Issue preclusion is a prudential doctrine that seeks to prevent unnecessary relitigation of issues that courts have previously considered and ruled upon. See *Herington v. City of Wichita*, 314 Kan. 447, 458-59, 500 P.3d 1168 (2021). Under this doctrine, Kansas courts may refuse to consider an argument that has already been heard—that is, an issue previously raised against the same party or a party in privity when the issue was necessary to and ultimately resulted in a judgment. *In re Tax Appeal of Fleet*, 293 Kan. 768, 777, 272 P.3d 583 (2012).

The district court did not err when it applied this principle here. Taylor raises the same issue—the recalculation of his jail-time credit—that he has raised at least three times before. He offers no reason why reconsideration of this issue is necessary now (besides a desire for the courts to grant his request for relief) and offers no explanation, beyond an assertion that the district court erred in its previous assessments, as to why review is warranted. This lack of explanation is glaring, especially given Taylor's decision not to appeal the district court's decisions in 2018 and 2020.

Taylor's efforts to draw parallels to K.S.A. 60-1507 motions are similarly unavailing. Courts routinely decline to consider successive claims in that context as well. See Supreme Court Rule 183(d)(3) (2022 Kan. S. Ct. R. at 242). And Taylor has not explained any exceptional circumstance—like a change in the law or some newly discovered information—that would warrant reconsideration of his claim.

Finally, as the district court discussed with the parties in 2018, this entire discussion is somewhat academic. Taylor is serving his sentence for his 2007 convictions consecutively to completing the balance of his sentences—his incarceration for his postrelease-supervision violations—for his previous cases. This means that regardless of whether Taylor's previous jail time would be credited toward his current sentence or to reduce his incarceration for his postrelease-supervision violation, the effect on his combined incarceration term would be the same. Thus, Taylor's repeated motions challenging the application of this credit have not been and are not currently successful.

The district court did not err when it denied Taylor's fourth jail-time-credit motion as successive. We affirm the court's judgment.

Affirmed.