NOT DESIGNATED FOR PUBLICATION

No. 122,350

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES L. BROWN SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed October 7, 2022. Affirmed.

*James L. Brown Sr.*, appellant pro se.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: James L. Brown Sr. was convicted of 17 crimes in 2012. Since that time, he has filed several motions seeking discovery relating to his original arrest report and transcripts (with the court waiving the transcription fee) of various pretrial hearings in his case. This appeal arises after the district court denied his most recent transcript and discovery requests. The district court found that these motions were successive; it also noted that the requested materials were not relevant to Brown's convictions or any pending matter in this case. We agree with both lines of reasoning and affirm the district court's decision.

1

FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying Brown's convictions are summarized in his direct appeal. *State v. Brown*, No. 109,814, 2015 WL 3555357 (Kan. App. 2015) (unpublished opinion), *rev. denied* 305 Kan. 1253 (2016). Wichita police arrested Brown in July 2011 after two sisters, both minors, reported having sex with him and observing their mother doing so at a hotel.

On July 15, 2011, the State charged Brown with 20 crimes. The district court held a preliminary hearing in Brown's case in November 2011 and, after hearing evidence, found that there was probable cause to believe Brown had committed each of the crimes charged. A year later, in November 2012, a jury convicted Brown of nine counts of rape and eight counts of aggravated human trafficking. The district court sentenced Brown to life imprisonment without the possibility of parole. This court affirmed Brown's convictions. *Brown*, 2015 WL 3555357.

Brown was represented by counsel throughout his criminal case, both at the trial level and on appeal. Yet while the case was pending, Brown filed several pro se motions challenging the police report regarding his arrest and seeking dismissal of his case. In the report, a detective in the Wichita Police Department listed 72 crimes as the basis for Brown's arrest, stating that some of these crimes were committed on June 14, 2011, and others were committed on July 12, 2011. The detective signed the report, swearing to its accuracy under penalty of perjury.

In his pro se motions, Brown argued that his pending charges should be dismissed due to inaccuracies in this report. He alleged that the detective made false statements in the report relating in the "date of incident" fields for the alleged offenses. Brown broadly argued—without legal support—that because the arrest report included inaccurate

information, the State lacked probable cause to arrest him and any further investigation or evidence should be inadmissible. Brown also raised a double-jeopardy claim, asserting that because the State lacked probable cause to arrest him for the counts listed in the arrest report, it could not proceed with the 20 charges then pending against him. In pursuing these arguments, Brown filed motions to remove his defense counsel, the prosecutor, and the trial judge. The district court denied these motions.

Though the district court had repeatedly denied his claims regarding the arrest report, Brown continued to pursue these arguments after the jury verdict.

- In February 2013, while his direct appeal was pending, Brown filed a pro se motion asking for unredacted copies of discovery, including discovery relating to the arrest warrant and report. The district court denied this motion.

- In October 2013, Brown again filed a motion for discovery. He also requested copies of many transcripts in his case. (Brown's attorney had previously requested several of these same transcripts for preparing his direct-appeal brief.) Brown's motion asserted that he needed this information to prepare claims against the judge and prosecutor, and to evaluate the detective's statements in the 2011 arrest report. Again, the district court denied Brown's motion.

In the next two years, Brown filed several additional pro se motions, seeking recusal of the district court judge and removal of his attorney, and challenging the legality of his sentence. Then, in June 2015, Brown filed a motion seeking pretrial transcripts and asking the court to waive the associated transcription costs. Though this motion primarily sought free access to the transcripts, it also again requested discovery relating to the detective's statements in the arrest report. The court denied the motion, indicating it was the third time Brown had requested these materials and reaffirming its previous rulings.

Brown appealed the district court's decisions from the 2013 and 2015 motions, though he only perfected his appeal of the district court's ruling on his 2015 motion for transcripts. *State v. Brown*, No. 115,372, 2017 WL 3001349, at *1-2 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. 989 (2018). As a result, a panel of this court found it lacked jurisdiction to consider the district court's rulings on Brown's 2013 motions. 2017 WL 3001349, at *2. The panel affirmed the denial of the 2015 motion, finding Brown was not personally entitled to copies of transcripts because his appellate attorney already had them. 2017 WL 3001349, at *1-2. After the Kansas Supreme Court denied review, the appellate mandate issued in 2018.

In September 2019, Brown filed yet another pro se motion requesting discovery relating to the arrest report. He also filed a second motion for transcripts. Read broadly, these motions stated Brown had filed a K.S.A. 60-1507 motion and needed the documents to support his various claims. Brown asserted that the primary issue in his K.S.A. 60-1507 motion was the district court's lack of jurisdiction based on the arrest report. He argued that he needed any investigation reports, arrest warrants or affidavits, and evidence used to establish probable cause for his arrest.

Despite Brown's assertions, there was no K.S.A. 60-1507 motion—or motion for other postconviction relief—pending in this case when he made his requests in 2019. The district court thus denied both motions as successive of Brown's previous requests. The court also noted that Brown's 2019 motions were not relevant to his criminal case, as he had no pending issues remaining. Brown appeals.

DISCUSSION

Continuing to proceed pro se, Brown challenges the district court's decision denying his requests for transcripts and for discovery materials. In response, the State

4

argues that Brown's requests should be barred by preclusion doctrines aimed to prevent parties from relitigating the same issue multiple times. The State asserts that because Brown has brought identical requests relating to the transcripts and discovery before, he should not be permitted to reassert those claims again here. We agree.

Issue preclusion is a prudential doctrine that seeks to prevent unnecessary relitigation of issues that courts have already decided on their merits. See *Herington v. City of Wichita*, 314 Kan. 447, 458-59, 500 P.3d 1168 (2021). Under this doctrine, Kansas courts may refuse to consider an argument that has already been heard—that is, an issue previously raised against the same party or a party in privity when the issue was necessary to and ultimately resulted in a judgment. *In re Tax Appeal of Fleet*, 293 Kan. 768, 777, 272 P.3d 583 (2012).

Brown's multiple requests for discovery relating to the arrest report and for transcripts fall squarely within the scope of this doctrine and illustrate its wisdom. Brown has sought the same relief on multiple occasions, and in each instance, his request has been denied. He has not demonstrated any change of circumstance that would warrant further consideration of his requests. In short, we conclude that issue preclusion bars both requests and affirm the district court's decision on that ground.

Because Brown has filed multiple requests seeking this same relief, we provide some further explanation to prevent such successive requests in the future.

*First*, Brown asserts that his request for transcripts is related to a K.S.A. 60-1507 motion he has filed and wishes to appeal. K.S.A 22-4506 and K.S.A. 22-4509 require a K.S.A. 60-1507 motion to demonstrate the need for the requested transcripts before the court bears the expense of providing them without charging the litigant. But as we have indicated, there is no K.S.A. 60-1507 motion in the record on appeal. If Brown has filed a K.S.A. 60-1507 motion that has been docketed as a separate case, that separate case—and

not his underlying criminal case—is the proper setting for a transcript request. At the same time, we question Brown's assertions that he does not have access to these transcripts, as our court previously concluded that all the transcripts he requested had been provided to his former appellate counsel. In fact, Brown's various filings attach portions of the very transcripts he has requested. Given this procedural deficiency and questionable factual basis, there is no reason for this court to consider the merits of Brown's transcript requests when that issue has previously been presented, ruled upon, and considered on appeal.

*Second*, the district court has repeatedly emphasized that Brown's discovery requests relating to the arrest report are not relevant to Brown's convictions. As a starting point, Kansas law does not provide parties with a statutory right to receive discovery materials in postconviction matters. *State v. Marks*, 313 Kan. 717, 721-23, 490 P.3d 1160 (2021). The statutes Brown cites to support his right to receive discovery—K.S.A. 2021 Supp. 22-3212 and K.S.A. 2021 Supp. 22-3213—only apply to discovery requests in pretrial proceedings, not postconviction matters. 313 Kan. at 721-23.

And the district court correctly noted that Brown's arguments regarding the arrest report have no bearing on his convictions. An arrest report does not bind the State. Instead, a criminal case begins when the State files a charging document. K.S.A. 22-2301(1) (prosecution begins by filing complaint); K.S.A. 22-3201(a) (prosecutions "shall be upon complaint, indictment or information"). The dates listed in the arrest report did not impact the State's complaint or the district court's jurisdiction to hear the case. Whatever inaccuracies Brown believes existed in the arrest report's "date of incident" fields were not present in the complaint. Instead, the complaint listed the date ranges for each count, and the State relied on those ranges at trial.

Most important, Brown's arguments overlook the fact that his convictions resulted from a jury trial. The jury heard the evidence against Brown and concluded that the State

proved beyond a reasonable doubt—based on the evidence presented at trial, not the statements in the arrest report—that Brown committed his crimes of conviction. Thus, Brown's successive challenges to his convictions based on the arrest report have not been and will not be successful. The district court correctly denied Brown's motions, and we affirm the court's judgment.

Affirmed.