NOT DESIGNATED FOR PUBLICATION

No. 126,413

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DENNIS E. POWELL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Submitted without oral argument. Opinion filed July 5, 2024. Affirmed.

*Dennis E. Powell*, appellant pro se.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before WARNER, P.J., ATCHESON and BRUNS, JJ.


PER CURIAM: This is Defendant Dennis E. Powell's second try at convincing the Sedgwick County District Court and, in turn, this court that his criminal history score was erroneously inflated because two Texas convictions for armed robbery were treated as person felonies when he was sentenced in 2017 for several crimes. The district court summarily denied Powell's recent motion to correct an illegal sentence because it simply repeated arguments from his first motion that had already been considered and rejected on the merits both in the district court and on appeal. Based on the preclusion rule

outlined in *State v. Moncla*, 317 Kan. 413, 415, 531 P.3d 528 (2023), the district court properly denied Powell's second motion, and we affirm that decision.

In January 2017, Powell pleaded no contest to one count of aggravated robbery, two counts of aggravated assault, and one count of criminal possession of a weapon by a felon. The charges arose from an incident in August 2016, the details of which are irrelevant. The district court sentenced Powell in March 2017 and treated the aggravated robbery conviction as the primary offense. The district court determined Powell had a criminal history score of B based principally on the two Texas convictions for armed robbery and imposed a high guidelines sentence of 228 months in prison. The district court imposed a combination of concurrent and consecutive sentences on the three other convictions that added 13 months to Powell's controlling term of incarceration. Under the guidelines, Powell's criminal history score did not affect those sentences.

About two years later, Powell filed a motion to correct an illegal sentence under K.S.A. 22-3504 on the grounds that the Texas convictions were actually comparable to the Kansas crime of theft by threat and, therefore, should have been scored as nonperson felonies—reducing his criminal history score and, in turn, the presumptive guidelines sentence for the aggravated robbery conviction. The district court considered the merits of Powell's argument, found them wanting, and denied the motion. Powell appealed. And we affirmed the district court. *State v. Powell*, No. 122,512, 2021 WL 3701166, at *4 (Kan. App. 2021) (unpublished opinion), *rev. denied* 315 Kan. 970 (2022) (*Powell I*).

In 2022, about a month after the mandate in *Powell I* came out, Powell filed his second motion to correct an illegal sentence in the district court. That's the one we consider in this appeal. The motion essentially repeats the arguments Powell made in his first motion and does not suggest any legal or factual error in our review in *Powell I*. The district court concluded res judicata barred the motion as an impermissibly repetitive submission and denied Powell relief for that reason. Powell appeals the ruling.

2

First, Powell argues that the district court ruling denying his initial motion to correct an illegal sentence was not a final judgment under K.S.A. 60-256 because his supplemental arguments were never considered. And, in turn, as an interlocutory or nonfinal decision that judgment could not furnish the legal foundation for res judicata or any other preclusion rule. Powell's argument fails both substantively and procedurally. The record reflects the district court did consider and reject the supplemental arguments. Moreover, K.S.A. 60-256 governs judgments in civil proceedings under Chapter 60; the statute is inapplicable to motions to correct illegal sentences filed in cases governed by the Kansas Code of Criminal Procedure in Chapter 22. The denial of Powell's first motion constituted a final, appealable judgment.

Otherwise, Powell functionally repackages what he presented in his 2019 motion—the same basic points that were found substantively insufficient in *Powell I*. As we have said, the Kansas Supreme Court has recognized that a defendant cannot use successive motions to correct an illegal sentence to repetitively present arguments that have been considered and rejected. *Moncla*, 317 Kan. at 415. The court held that the preclusion rule governing those motions "bars a claim when the same parties are involved, the same claim was previously raised, and there has been a final judgment on the merits." 317 Kan. at 415. The court indicated the rule would not necessarily preclude a claim that could have been raised in an earlier motion but was not. 317 Kan. at 415.

Although the court referred to the preclusion rule as res judicata, the operative description sounds more like law of the case. The courts commonly describe res judicata as precluding both claims a party had asserted and claims it could have asserted in an earlier proceeding. See *Herington v. City of Wichita*, 314 Kan. 447, 457-58, 500 P.3d 1168 (2021). Law of the case preludes a party from relitigating a claim that has been decided in an earlier appeal in the same case. See *State v. Collier*, 263 Kan. 629, 633-34, 952 P.2d 1326 (1998). But the courts sometimes use the term "res judicata" generically to encompass a range of preclusion doctrines. See *In re Tax Appeal of Fleet*, 293 Kan. 768,

777, 272 P.3d 583 (2012) (district court's reference to res judicata "broad enough to encompass both claim and issue preclusion"); Black's Law Dictionary 1567 (11th ed. 2019) (recognizing "res judicata" may be used as umbrella term for variety of preclusion rules).

Regardless of the label applied to the rule, the holding in *Moncla* plainly prevents a defendant from endlessly filing motions to correct an illegal sentence with the expectation and, indeed, the requirement that the courts consider the merits of the same arguments over and over again. A contrary rule would turn what should be no more than a defendant's Sisyphean endeavor into a material drain of judicial resources. The district court properly denied Powell's second motion to correct an illegal sentence on preclusion grounds.

Affirmed.