No. 80,258

STATE OF KANSAS, *Appellee,* v. JOHN G. PATRY, *Appellant.*
(967 P.2d 737)

Opinion filed October 30, 1998.

*Thomas J. Weilert,* of Wichita, was on the brief for appellant.

*Michelle M. Sehee*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: John G. Patry appeals the trial court's decision at a resentencing hearing to use additional convictions which occurred after his original sentence to calculate his criminal history score. The additional convictions raised Patry's criminal history from a "D" to a "C," resulting in an increased sentence.

Patry argues the trial court (1) was limited at the resentencing hearing to the same facts, conditions, and circumstances which existed at the time he was first sentenced, (2) the sentence imposed at resentencing violated his Fourteenth Amendment due process rights, and (3) the imposed sentence violated the Double Jeopardy Clauses of the Kansas and United States Constitutions.

On December 5, 1995, Patry was convicted of possession with intent to sell cocaine, possession with intent to sell methamphetamine, two counts of no tax stamp, possession of drug paraphernalia, and attempting to elude a law enforcement officer in case No. 95 CR 1325. The charges arose out of acts committed on May 25, 1995. The court calculated Patry's criminal history as a "D" but upwardly departed as allowed in the Kansas Sentencing Guidelines Act (KSGA). Patry's appeal of his convictions and departure sentence resulted in a Court of Appeals unpublished opinion issued August 1, 1997, affirming the convictions but holding the trial court did not have substantial or compelling reasons for departure and remanding for resentencing.

While his appeal was pending in this case, on June 5, 1997, Patry pled guilty to separate charges of conspiracy to possess cocaine with intent to sell, conspiracy to possess methamphetamine with intent to sell, and theft in case No. 96 CR 1597. These charges arose out of acts committed by Patry on November 3, 1995. When the trial court sentenced Patry in case No. 96 CR 1597 on July 15, 1997, it included his convictions in case No. 95 CR 1325 in determining his criminal history score was "C."

When Patry was resentenced in this case on October 24, 1997, his criminal history score was "C" because of the June 5, 1995,

convictions in case No. 96 CR 1597. Patry objected to utilizing the June 5 convictions in calculating his criminal history at the resentencing, contending the "D" classification of the original sentencing hearing must be used again. The trial court overruled his objection and sentenced him accordingly. Patry appeals.

Resolution of criminal history issues requires the interpretation of sentencing guidelines provisions, which are questions of law over which our scope of review is unlimited. *State v. Roderick*, 259 Kan. 107, 110, 911 P.2d 159 (1996).

The general rule is that criminal statutes must be strictly construed, but this rule is subordinate to the determination that judicial interpretation must be reasonable to effect legislative design and intent. It is a fundamental rule of statutory construction that the intent of the legislature governs when that intent can be ascertained from the statute. When a statute is plain and unambiguous, we must give it the effect intended by the legislature, rather than determine what the law should or should not be. *State v. Taylor*, 262 Kan. 471, 478, 939 P.2d 904 (1997).

Patry first argues that if a sentence is voided, the resentencing court is limited to the same facts, conditions, and circumstances existing at the time the original sentence was imposed, utilizing authority of cases decided prior to the enactment of the KSGA. See *Bridges v. State*, 197 Kan. 704, 706, 421 P.2d 45 (1966); *State v. Cox*, 194 Kan. 120, 122, 397 P.2d 406 (1964); *Richardson v. Hand*, 182 Kan. 326, 329, 320 P.2d 837 (1958). Patry acknowledges the application of the KSGA, but asserts the cases he cites have not been overruled, do not conflict with the KSGA, and must be applied to these facts. Patry would have us hold that a distinction exists between a sentencing and a resentencing, with the former controlled by the KSGA and the latter governed by prior case law. Such a contention is untenable.

The State argues that provisions of the KSGA set forth in K.S.A. 21-4701 through K.S.A. 21-4728 govern because Patry's acts occurred after enactment of the KSGA. The State points to K.S.A. 21-4703(c), which defines criminal history as including, "adult felony, class A misdemeanor, class B person misdemeanor, or select misdemeanor convictions and comparable juvenile adjudications

*possessed by an offender at the time such offender is sentenced."* (Emphasis added.)

The State further points to K.S.A. 21-4710(a), which provides the criminal history must be based on prior convictions, defined as "any conviction, other than another count in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto, *which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case."* (Emphasis added.)

The State asserts the trial court correctly considered Patry's June 5, 1997, conviction in the separate case in determining his criminal history on October 24, 1997, when he was resentenced in this case. The State argues there is no material distinction between a sentencing and a resentencing which results in the sentence being properly imposed.

The KSGA became effective July 1, 1993. It governs the offenses for which Patry was convicted that occurred during 1995. It is well established that criminal statutes in effect at the time of the offense control the charge as well as the sentence resulting therefrom. *State v. Mayberry,* 248 Kan. 369, 387, 807 P.2d 86 (1991). Because the KSGA controls, Patry's reliance on cases decided prior to its enactment is misplaced.

In *Taylor,* 262 Kan. at 479, we interpreted the intent of the legislature in enacting K.S.A. 21-4710(a) to include all prior convictions in a defendant's criminal history score, unless prohibited by statute "regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case." In applying this clear holding to the facts of this case, when Patry was resentenced in this case on October 24, 1997, the June 5, 1997, conviction was in existence and, following *Taylor* and K.S.A. 21-4710(a), these convictions must be utilized in determining his criminal history. The trial court correctly utilized Patry's conviction to calculate his criminal history score and properly sentenced him in this case.

Patry also argues that his due process rights were violated because the increased sentence amounts to a "presumption of vindictiveness."

Patry relies on *North Carolina v. Pearce,* 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), limited by *Alabama v. Smith,* 490 U.S. 794, 104 L. Ed. 2d 865, 109 S. Ct. 2201 (1989), and *State v. Macomber,* 244 Kan. 396, 769 P.2d 621, *cert. denied* 493 U.S. 842 (1989). In *Pearce,* the United States Supreme Court addressed the constitutional limitations upon a judge when imposing a more severe penalty after conviction of the same crime upon retrial. The Court held that a "presumption of vindictiveness" exists when, upon retrial, a trial judge imposes a heavier sentence on a defendant after the successful appeal of the original conviction. The presumption may be overcome upon a showing of "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." 395 U.S. at 726. The Court further refined its *Pearce* holding in *Wasman v. United States,* 468 U.S. 559, 572, 82 L. Ed. 2d 424, 104 S. Ct. 3217 (1984), where it held:

"[A]fter retrial and conviction following a defendant's successful appeal, a sentencing authority may justify an increased sentence by affirmatively identifying relevant conduct or events that occurred subsequent to the original sentencing proceedings."

"Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources." 468 U.S. at 571.

In *Macomber,* we followed *Pearce* and *Wasman* in holding there is a "presumption of vindictiveness" if a sentencing judge imposes a greater sentence after a new trial unless the court articulates proper information concerning the defendant's conduct that occurred subsequent to the original sentencing.

However, Patry's reliance on *Pearce, Wasman,* and *Macomber* is misplaced as they are readily distinguishable from the facts in this case. First, each involves a successful appeal to a conviction resulting in a retrial, while our case concerns a successful appeal of a sentence resulting in a resentencing. Secondly, and most importantly, the State in *Pearce and Macomber* introduced no new evidence to justify an increase in the defendant's sentence. This resulted in a violation of the defendant's due process rights. In our case, in distinct contrast, the trial court used information obtained

from the presentence investigation (PSI) report which included Patry's June 5, 1997, convictions in calculating his criminal history score. This is appropriate information concerning Patry's conduct that occurred after the time of the original sentencing. The report and Patry's own actions may be used in determining his sentence without violating his due process rights.

We considered the same issue in *State v. Rinck*, 260 Kan. 634, 923 P.2d 67 (1996), where the defendant's convictions were affirmed, but the sentences were vacated and a more severe sentence was then imposed. Rinck's due process rights were held to have been violated "[b]ecause the court did not articulate a reason on the record for the new enhanced sentence and relied primarily upon information that was obviously considered in the imposition of the original sentence." 260 Kan. at 645. However, our *Rinck* opinion furthered stated: "[T]he record contains no objective information concerning identifiable conduct of the defendant for the enhanced sentence. Under these circumstances, the defendant's right to due process is violated, *not because the sentence is enhanced, but because no evidence was introduced to rebut the presumption that actual vindictiveness was behind the increased sentence.*" (Emphasis added.) 260 Kan. at 645.

In our case, the trial court properly used additional information showing further violations which existed at the time of the resentencing hearing. Patry's due process rights were not violated because his conduct was the generating cause for the additional information which required an increase in his criminal history. This does not result in due process violation.

Finally, the sentencing does not violate the double jeopardy provisions of the Kansas and United States Constitution. In *State v. Freeman*, 236 Kan. 274, 280-81, 689 P.2d 885 (1984), we said:

"The double jeopardy clause of the Constitution of the United States protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1977)."

With the language of section 10 of the Bill of Rights of the Kansas Constitution being similar to that of the Fifth Amendment of

the United States Constitution, the underlying protections set forth above must be considered.

Patry's argument that *State v. Mertz*, 258 Kan. 745, 907 P.2d 847 (1995), is authority for his contention that prior convictions used to enhance his sentences are a form of double punishment is without merit. The issue in *Mertz* was whether prosecution for a DUI charge after defendant's driver's license was revoked for the same crime constituted multiple punishments. We specifically held it did not. In the instant case, Patry's convictions were used to determine his criminal history score. The criminal history score, in turn, was used to cause the required sentence to be entered. *Pearce* holds that the Double Jeopardy Clause does not impose an absolute bar to a greater sentence upon reconviction. *Wasman* states the sentences may be enhanced unless motivated by actual vindictiveness toward the defendant. No such action is shown here. This is a simple matter of the trial court using the facts existing at time of the sentencing to determine the criminal history score. This cannot result in a violation of the Double Jeopardy Clause.

The sentence in this case was properly imposed. The trial court is affirmed.