(71 P.3d 1191)

No. 89,503

STATE OF KANSAS, *Appellant*, v. CHRISTOPHER V. HATCHEL, *Appellee*.

Opinion filed July 3, 2003.

*Rick J. Scheufler*, county attorney, and *Phill Kline*, attorney general, for appellant.

*Peter Maharry*, assistant appellate defender, for appellee.

Before KNUDSON, P.J., BEIER and MALONE, JJ.

KNUDSON, J.: Christopher V. Hatchel was originally sentenced for possession of pseudoephedrine as a severity level 1 drug offense. Subsequent to the imposition of sentence, a panel of this court held in *State v. Frazier*, 30 Kan. App. 2d 398, 405-06, 42 P.3d 188, *rev. denied* 274 Kan. 1115 (2002), that possession of ephedrine or pseudoephedrine and possession of drug paraphernalia are identical offenses requiring that the sentence imposed for both must conform to penalties proscribed for a severity level 4 drug felony rather than a severity level 1 drug felony. Following *Frazier*, Hatchel's motion to correct an illegal sentence was granted by the district court.

At resentencing, the State requested that two intervening nonperson felony convictions be added to Hatchel's criminal history, which would advance his score from G to F. The district court denied the request and sentenced Hatchel to a midline presumptive sentence for a level 4 drug offense. The State appeals pursuant to K.S.A. 2002 Supp. 22-3602(b)(3).

Hatchel argues the issue raised by the State is not a proper issue upon a question reserved. The proper subject matter for a question reserved was considered and explained in *State v. Ruff*, 252 Kan. 625, 630, 847 P.2d 1258 (1993):

"An appeal on a question reserved is permitted to provide an answer which will aid in the correct and uniform administration of the criminal law. A question reserved by the State will not be entertained on appeal merely to demonstrate errors of a trial court in rulings adverse to the State. Questions reserved presuppose that the case at hand has concluded but that an answer is necessary for proper disposition of future cases which may arise. *State v. Puckett*, 227 Kan. 911, 912, 610 P.2d 637 (1980)."

We conclude that whether an intervening felony conviction should be scored as part of a defendant's criminal history upon resentencing is a matter of statewide importance and resolution of the issue will aid in the correct and uniform administration of the criminal law.

Hatchel also argues the issue raised by the State is moot. " ' "An appeal will not be dismissed as moot unless it clearly and convincingly appears the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the action are concerned." ' " *Shanks v. Nelson*, 258 Kan. 688, 690-91, 907 P.2d 882 (1995) (quoting *City of Ottawa v. Lester*, 16 Kan. App. 2d 244, 245, 822 P.2d 72 [1991]). However, there is an exception to this rule where the case involves a question of public interest. See *In re T.D.*, 27 Kan. App. 2d 331, 333, 3 P.3d 590, *rev. denied* 269 Kan. 933 (2000). Consequently, for the very reasons we expressed in addressing the question reserved issue, we hold this appeal should not be dismissed for mootness.

Turning next to the issue raised by the State, we conclude the Supreme Court's decision in *State v. Patry*, 266 Kan. 108, 967 P.2d 737 (1998), is controlling. In *Patry*, the court held, in material part:

"K.S.A. 21-4703(c) defines criminal history as utilized in sentencing to include 'adult felony, class A misdemeanor, class B person misdemeanor, or select misdemeanor convictions and comparable juvenile adjudications possessed by an offender at the time such offender is sentenced.'

"K.S.A. 21-4710(a) provides that criminal history is based on prior convictions defined as 'any conviction, other than another count in the current case which

was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto, which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case.'

"Under the facts of this case, criminal convictions occurring in a separate case subsequent to the initial sentencing in this case are to be utilized in determining criminal history when a resentencing results from the ruling of an appellate court.

"It is not a due process violation for a sentence to be increased upon resentencing where an increase in criminal history results from the interim convictions of the defendant in a separate case.

"Utilizing facts that are existing at the time of a resentencing to compute the criminal history score is not a violation of the Double Jeopardy Clauses of the Kansas and United States Constitutions." 266 Kan. 108, Syl. ¶¶ 2, 3, 4, 5, 6.

Hatchel recognizes *Patry*'s applicability under the facts of his appeal. However, he urges us to disregard *Patry*. We have no indication the Kansas Supreme Court, given the opportunity, would depart from its previous position. Consequently, we are duty bound to follow *Patry*. See *Mueller v. State*, 28 Kan. App. 2d 760, 763, 24 P.3d 149, *rev. denied* 271 Kan. 1037 (2001), *cert. denied* 535 U.S. 997 (2002). Accordingly, we reverse the judgment of the district court, vacate Hatchel's sentence, and remand for resentencing consistent with our opinion.

Sentence vacated and case remanded with directions for resentencing.