**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ARTHUR ALLEN POUNCIL, JR.,

        Petitioner-Appellant,

v.

MICHAEL A. NELSON; ATTORNEY
GENERAL OF KANSAS,

        Respondents-Appellees.

No. 04-3359

District of Kansas

(D.C. No. 01-CV-3143-SAC)

---

**ORDER** [*]

---

Before **EBEL, MURPHY,** and **McCONNELL** , Circuit Judge.

---

       Arthur A. Pouncil, Jr., a state prisoner proceeding pro se, seeks a certificate

of appealability (COA) that would allow him to appeal from the district court's

order which denied his habeas corpus petition under 28 U.S.C. § 2254.  *See* 28

U.S.C. § 2253(c)(1)(A).  Because we conclude that Mr. Pouncil has failed to

make "a substantial showing of the denial of a constitutional right," we deny his

request for a COA and dismiss this appeal.  28 U.S.C. § 2253(c)(2).

---

     [*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

## I.

## A. Procedural Background

In December 1995, Mr. Pouncil was charged in the District Court of Sedgwick County, Kansas, with two counts of rape involving a child under the age of fourteen, in violation of K.S.A. § 21-3502(a)(2). In May 1996, a jury convicted Mr. Pouncil on both counts. The court sentenced him to a term of 515 months imprisonment. The Kansas Court of Appeals affirmed the convictions in August 1998. *State v. Pouncil*, 963 P.2d 446 (Kan. Ct. App. 1998) (unpublished order). The Kansas Supreme Court denied Mr. Pouncil's petition for review on November 11, 1998. In January 1999, Mr Pouncil filed for post-conviction relief pursuant to K.S.A. § 60-1507 in the District Court of Sedgwick County. The court summarily denied relief in April 1999, and Mr. Pouncil appealed. On July 14, 2000 the Kansas Court of Appeals affirmed the denial of Mr. Pouncil's K.S.A. § 60-1507 motion. *Pouncil v. State*, 4 P.3d 1191 (Kan. Ct. App. 2000) (unpublished order). Mr. Pouncil, due to an oversight by his counsel, was two days late in filing his petition for review before the Kansas Supreme Court. The Kansas Supreme Court denied Mr. Pouncil's motion to file his petition for review out of time.

Mr. Pouncil commenced this federal habeas action asserting eight claims for relief on April 16, 2001. After an initial review of Mr. Pouncil's habeas

petition the district court concluded that three of his claims were procedurally barred. The district court issued an order to show cause that Mr. Pouncil could circumvent the procedural bar to these claims. In a later order, the court dismissed the three claims and directed the State to respond to the five surviving claims. On September 23, 2004 the district court issued an order denying Mr. Pouncil a COA.

## B. Factual Background

Mr. Pouncil was convicted of raping two girls, D.S., aged 6, and A.S., aged 4. The children, who lived in Texas with their father, were in Wichita during the summer of 1995, visiting their mother. Their mother would take the children to their great aunt's house while she was at work. While at their aunt's house, the girls' cousin and her common law husband, Mr. Pouncil, watched the children. After the girls returned to Texas they exhibited behavioral changes and eventually told their stepmother that Mr. Pouncil had raped them.

D.S. testified at trial that Mr. Pouncil touched her private parts and put his "thing" in her. Order, R. Doc. 18, at 2. D.S. also testified that she observed Mr. Pouncil committing the same acts to her sister, A.S. A.S. testified to the same events. The prosecution also called Leslie Smith Wagner, a physician's assistant in Texas, to testify about her examination of both girls. Ms. Wagner testified that both girls displayed injuries and irregularities in their genital areas. Ms. Wagner

testified that, in her opinion, both girls had been vaginally penetrated. Despite Mr. Pouncil's testimony that the events described by the children did not occur, the jury found him guilty on both counts.

## II.

On appeal, Mr. Pouncil reasserts the eight issues he raised in his initial federal habeas petition: (1) Ms. Wagner's use of a knife during an evidentiary demonstration at trial prejudiced him in violation of his due process rights; (2) ineffective assistance of trial counsel; (3) ineffective assistance of appellate counsel; (4) exclusion of certain evidence under the Kansas rape shield statute violated his Sixth Amendment rights; (5) allowing Ms. Wagner to testify denied Mr. Pouncil due process; (6) Ms. Wagner's testimony improperly vouched for the girls' testimony; (7) the insufficient evidence used to convict Mr. Pouncil violated his due process rights; and (8) the trial court's upward departure of his sentence was erroneous. The district court determined that the first three issues were procedurally barred. Mr. Pouncil does not directly appeal this determination, but because we construe pro se filings liberally, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), we will treat Mr. Pouncil's filing as a proper appeal of this ruling. The district court analyzed the remaining five issues under AEDPA, and we review these claims on an individualized basis. Our determination whether to grant a COA incorporates the highly deferential AEDPA

standard for evaluating requests for habeas relief. We will grant a COA "only if reasonable jurists could debate whether the petitioner might be eligible for habeas relief— *i.e.*, . . . whether the state court's decision on the merits of the petitioner's constitutional claim was unreasonable or ran contrary to clearly established federal law." *Dockins v. Hines*, 374 F.3d 935, 937 (10th Cir. 2004).

## A. Procedurally Barred Claims

The district court concluded that three of Mr. Pouncil's claims were procedurally barred for failure to exhaust his state post-conviction remedies. Mr. Pouncil was two days late in filing his petition for review of these claims in the Kansas Supreme Court. Mr. Pouncil's attorney filed a motion for review out of time, but the Kansas Supreme Court denied the motion and denied Mr. Pouncil's petition for review as not timely filed pursuant to K.S.A. § 60-1507. The district court concluded that Mr. Pouncil could only surmount his procedural default by showing cause and prejudice or a fundamental miscarriage of justice. The district court determined that Mr. Pouncil did not make either of these showings and dismissed the three claims at issue.

The failure of a habeas petitioner to present claims to a state supreme court in a timely fashion results in procedural default of those claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To circumvent procedural default a plaintiff must show cause and prejudice or a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The record contains a letter from the attorney who represented Mr. Pouncil during his state post-conviction proceedings. In the letter, the attorney admits that he mistakenly filed Mr. Pouncil's § 60-1507 motion two days late. While this attorney error is regrettable, it is insufficient to show cause. There is no constitutional right to counsel in post-conviction proceedings, thus procedural default due to attorney error "cannot constitute cause to excuse the default in federal habeas." *Id.* at 757. Mr. Pouncil does not allege a fundamental miscarriage of justice in this appeal, so, like the district court, we conclude that the procedural bar in this case was valid.

B. The Exclusion of Evidence under the Kansas Rape Shield Act

During his trial the defendant sought to question A.S. and D.S. about an alleged incident at a trailer park in Texas where some boys allegedly pulled the girls' pants down. The trial court prohibited this request, and the Kansas Court of Appeals affirmed this decision, citing the requirement under the Kansas rape shield statute that evidence of prior sexual conduct must be relevant to be admissible. *See* K.S.A. § 21-3525. Mr. Pouncil contends that the use of the rape shield statute to bar this evidence violated his Sixth Amendment right to confrontation. To prevail on this claim Mr. Pouncil must demonstrate that the decision of the Kansas Court of Appeals was contrary to or involved an

unreasonable application of clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). The Supreme Court has acknowledged that the right to confrontation "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Michigan v. Lucas*, 500 U.S. 145, 149 (1991). The Supreme Court has held that the privacy rights of rape victims are sufficiently important to justify some limitations on the right to confront. *See id.* at 149–50 ("[Rape shield statutes] are a valid legislative determination that rape victims deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy.").

The judgment of the Kansas Court of Appeals that the trial court properly applied the Kansas rape shield statute was not a violation of clearly established federal law. The evidence of the episode with the boys has little bearing on the girls' advanced sexual knowledge. The Supreme Court has held that excluding marginally relevant evidence of prior sexual experience or activity is a permissible limitation on the right to confront. *See id.* at 149. There is no reason to consider the Kansas Court of Appeals decision an unreasonable application of the Supreme Court's jurisprudence on this subject.

**C. The Decision to Admit the Expert Testimony of Physician Assistant**

Mr. Pouncil challenges the trial court's decision to allow Ms. Wagner to testify on behalf of the prosecution. Ms. Wagner, a physician's assistant,

-7-

provided testimony that the victims had been sexually abused. The Kansas Court of Appeals rejected Mr. Pouncil's appeal of this decision, concluding that Ms. Wagner had the training, experience, and education to qualify as an expert. Mr. Pouncil argues that admission of this testimony violated his 14th Amendment due process rights. To demonstrate that the Kansas Court of Appeals violated a clearly established federal law Mr. Pouncil must meet an extraordinarily high standard; he must demonstrate that the putative error was a "failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it we must find that the absence of that fairness fatally infected the trial." *Parker v. Scott*, 394 F.3d 1302 at *5 (10th Cir. 2005) (quoting *Lisenba v. California*, 314 U.S. 219, 236 (1941)).

Ms. Wagner had substantial experience examining victims of alleged child sexual abuse. The trial record demonstrates that she had performed hundreds of these examinations and trained pediatric residents how to conduct these examinations. Given Ms. Wagner's extensive background in the area, we cannot say that the Kansas Court of Appeals' analysis of Mr. Pouncil's appeal violated clearly established federal law by failing to observe fundamental fairness.

### D. Vouching

Mr. Pouncil next argues that Ms. Wagner vouched for the credibility of the witnesses in violation of his due process rights. Specifically, Mr. Pouncil

contends that allowing Ms. Wagner to testify that the injuries of the victims were consistent with vaginal penetration invaded the province of the jury. The Kansas Court of Appeals rejected this argument because Mr. Pouncil did not make this objection at trial.

There is nothing in Ms. Wagner's testimony that suggests the deprivation of the fundamental fairness required for a violation of due process. In prosecutions for sexual abuse of a child, experts may, as Ms. Wagner did, testify that a victim shows symptoms consistent with abuse without improperly vouching for the credibility of the witnesses. *Parker*, 394 F.3d 1302 at *7; *United States v. Charley*, 189 F.3d 1251, 1264–65, 1269 (10th Cir.1999). The testimony of an expert can violate a defendant's due process rights through impermissible vouching by speaking to the credibility of the victims or stating that the defendant was the perpetrator of the alleged crime. *Parker*, 394 F.3d 1302 at *7. Mr. Pouncil does not argue that Ms. Wagner testified to the credibility of the victims, nor does he argue that Ms. Wagner suggested that Mr. Pouncil was the perpetrator of the abuse. Accordingly, Mr. Pouncil has not demonstrated that the Kansas Court of Appeals violated clearly established federal law by rejecting his argument that Ms. Wagner improperly vouched for the credibility of the witnesses.

**E. Sufficiency of the Evidence**

Mr. Pouncil argues that there was insufficient evidence to convict him. To determine whether the judgment of a state court on a sufficiency of the evidence claim violates clearly established federal law we apply the standard articulated in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Parker*, 394 F.3d 1032 at *9. A fact finder's verdict does not violate a defendant's due process rights if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Mr. Pouncil argues that inconsistencies in the girls' testimony rendered the evidence insufficient to convict him. The Kansas Court of Appeals disagreed, citing a number of consistent portions of the girls' testimony and the medical evidence that accorded with their testimony.

The analysis of the Kansas Court of Appeals did not violate clearly established federal law. To sustain a conviction under K.S.A. § 21-3502(a)(2), the prosecution must prove beyond a reasonable doubt that the defendant had sexual intercourse with a child under 14 years of age. The girls' testimony that Mr. Pouncil raped them and the expert medical evidence adduced to corroborate their testimony was more than sufficient for a rational trier of fact to find a violation of K.S.A. § 21-3502(a)(2). Thus, the Kansas Court of Appeals did not

violate clearly established law by finding that the evidence was sufficient to support Mr. Pouncil's conviction.

### F. Upward Departure

Finally, Mr. Pouncil argues that the trial court committed error by increasing his sentence beyond the maximum authorized by statute on the basis of a judge-found fact. While Mr. Pouncil's sentence does violate the Sixth Amendment requirement articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), it is the settled law of this Circuit that *Apprendi* is the not the type of watershed decision that entitles a defendant to retroactive relief in an initial habeas action. *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir.), *cert. denied*, 537 U.S. 961 (2002). Consequently, this claim fails.

### III.

For the reasons set forth above, we DENY Mr. Pouncil's request for a COA and DISMISS this appeal.

Entered for the Court,


Patrick Fisher, Clerk

-11-