NOT DESIGNATED FOR PUBLICATION

Nos. 112,458
112,459
112,460

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY D. DOUGLAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed November 6, 2015. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and ARNOLD-BURGER, JJ.

*Per Curiam*: Anthony Douglas entered no contest pleas in three felony cases: No. 13-CR-308 for unlawfully obtaining and distributing a prescription-only drug; No. 13-CR-1851 for theft after a prior conviction; and No. 13-CR-2369 for driving under the influence (DUI).

On April 10, 2014, the district court denied Douglas' motion for departure sentences due to community concerns. The court noted the court system had been trying

1

to intervene in Douglas' life since 1978, and Douglas had decided not to avail himself of the resources made available to him. The judge stated, "I've got to protect the community. So I'll deny the motion to depart on the basis of a lack of substantial and compelling reasons." The court sentenced Douglas to 17 months in case No. 13-CR-308, to 17 months in case No. 13-CR-1851, and to 12 months in case No. 13-CR-2369. These sentences were to run consecutively for a total of 46 months' imprisonment and each sentence was the aggravated number in Douglas' box on the sentencing grid, as recommended by the State. Douglas was ordered to pay the minimum fine of $2,500. On the evening before sentencing, Douglas had been arrested for a DUI and a criminal threat, but the judge clarified he was not considering this event in the sentencing decision: "I'm not considering that because I don't have any idea what did or didn't happen, so it's really irrelevant."

On July 15, 2014, Douglas filed a pro se motion entitled "Motion to Recuse" and cited K.S.A. 20-311d for a change of district court judge. Douglas claimed the judge had acted in an unethical and biased manner and prejudiced him when the judge had allowed the prosecutor to make the decision as to what type of fines and postimprisonment supervision would be imposed. Douglas asked the judge to recuse himself in the interest of justice and requested all other relief the court deemed equitable and just. The State responded that since there were no matters pending in the district court, Douglas' motion was moot. On August 7, 2014, the court agreed and denied the motion as moot and without merit.

Douglas filed a timely notice of appeal.

Douglas argues the district court abused its discretion and should have liberally construed his pro se motion as a motion for resentencing. He states his motion was not moot because its resolution would determine whether the court's sentencing was prejudicial, whether it affected his due process rights, and whether he should be

2

resentenced. The State asserts that the motion to recuse was correctly determined as moot because there were no future matters pending before the district court. The State reasons that even if the motion were construed as a motion for resentencing, Douglas would not have been entitled to relief because the court lacked jurisdiction to resentence him on his felony convictions.

Whether a district court erred in its treatment of a postsentencing motion is subject to de novo review. *State v. Jones*, 279 Kan. 809, 810, 112 P.3d 123 (2005). The determination of whether the court correctly construed such a pleading is a question of law also subject to unlimited review. *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). A district court may determine that a motion is moot when the controversy has been resolved and the interests or rights of either party will not be furthered. *State v. Hatchel*, 31 Kan. App. 2d 725, 726, 71 P.3d 1191 (2003). A motion is moot even if the appellate court determines that a district judge should have recused himself or herself if there is no effect on the resolution of the case or the rights of the defendant. *Laubach v. Roberts*, 32 Kan. App. 2d 863, 873, 90 P.3d 961 (2004).

Pro se pleadings are liberally construed where effect is given to "the pleading's content rather than the labels and forms used to articulate the defendant's arguments." *Kelly*, 291 Kan. at 565. Failure to cite the correct statutory grounds is immaterial. 291 Kan. at 565. In *Kelly*, the defendant filed a pro se motion entitled "Motion to Withdraw Plea and to Correct Illegal Sentence and to Vacate Sentence," but the district court incorrectly construed the motion as claim of ineffective assistance of counsel. The *Kelly* court determined that the defendant's motion was a motion to withdraw his plea due to the content of his argument. 291 Kan. at 566.

However, in *State v. Gilbert*, 299 Kan. 797, 797-98, 326 P.3d 1060 (2014), the defendant filed a pro se pleading: "Motion to Correct Illegal Sentence," and the district court correctly construed his pleading as a motion to correct an illegal sentence rather

3

than a claim under K.S.A. 60-1507(a). The *Gilbert* court acknowledged a liberal construction of pro se pleadings but concluded: "Liberal rules of construction cannot transform the reality of a pleading's content or the arguments being advanced, even when a litigant is pro se." 299 Kan. at 798. The content of the defendant's motion specifically cited and applied rules for illegal sentences and did not allege a manifest injustice argument required under K.S.A. 60-1507. 299 Kan. at 798.

Here, a liberal construction of Douglas' motion does not create a motion for resentencing. Unlike in *Kelly*, the title of Douglas' motion matches the interpretation of the district court as a motion to recuse, and Douglas' statutory citation of K.S.A. 20-311d matches the title of his motion. This case is similar to *Gilbert* where Douglas' content, arguments, and citation of K.S.A. 20-311d supported a motion to recuse. Douglas asserted in his motion that the district court judge had acted in an unethical, biased, and prejudicial manner. He sought the motion to recuse in the interest of justice, with the relief that the court deemed equitable and just. Douglas was not more specific in what kind of relief he sought and did not mention the issue of resentencing. His arguments aligned with K.S.A. 20-311d, which states the grounds for a change of judge due to "personal bias, prejudice or interest of the judge." Douglas argued these grounds in his motion without reference to any form of resentencing. Therefore, allowing a motion for resentencing would transform the reality of his motion and the content of his argument. See 299 Kan. at 798.

If a motion for resentencing were considered, it is possible the motion would not be moot because a hearing would resolve prejudicial and due process issues in relation to sentencing. Yet, a legally imposed sentence for a felony conviction, specifically a DUI, cannot be modified unless for arithmetic or clerical errors. *State v. Anthony*, 274 Kan. 998, 58 P.3d 742 (2002). Douglas did not assert that his sentence was illegal or that the district court lacked jurisdiction to modify his legal sentence. A motion for resentencing would likely have been moot.

4

The district court did not err by treating Douglas' posttrial motion as a motion to recuse due to the content and substance of the motion. His motion is therefore moot because a recusal of the district court after sentencing would not affect the already determined controversy.

Since this is dispositive of this matter, we will not address other issues that have been raised.

Affirmed.