NOT DESIGNATED FOR PUBLICATION

No. 119,098

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARTHUR A. POUNCIL JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed April 26, 2019. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON, J., and MCANANY, S.J.

PER CURIAM: A jury convicted Arthur Pouncil Jr. of two counts of rape in 1996. In 2017, Pouncil filed a motion arguing his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The district court summarily denied his motion. Because res judicata bars his claim and his claim lacks merit, we affirm.

FACTS

In 1996, a jury convicted Pouncil of two counts of rape for having sexual intercourse with two girls under the age of 14. Finding Pouncil's conduct toward the

1

victims during the rape was excessively brutal, the district court granted the State's request for an upward durational departure and sentenced Pouncil to 515 months' imprisonment. A panel of this court upheld his convictions and sentence on appeal, and the mandate issued in 1998. *State v. Pouncil*, No. 76,876, unpublished opinion filed August 14, 1998 (Kan. App.).

Pouncil then filed a K.S.A. 60-1507 motion alleging ineffective assistance of trial and appellate counsel. The district court summarily dismissed the motion, and a panel of this court affirmed. *Pouncil v. State*, No. 83,565, unpublished opinion filed July 14, 2000 (Kan. App.).

In 2005, Pouncil filed a federal habeas corpus petition, challenging his upward departure sentence as unconstitutional under *Apprendi*. The federal district court denied the petition, and the Tenth Circuit denied his request for a certificate of appeal. *Pouncil v. Nelson*, 123 Fed. Appx. 348, 2005 WL 375939 (10th Cir. 2005) (unpublished opinion). The Tenth Circuit acknowledged that Pouncil's sentence violated *Apprendi*. But the court held his claim still failed because *Apprendi* did not apply retroactively. 123 Fed. Appx. at 354 (citing *United States v. Mora*, 293 F.3d 1213, 1219 [10th Cir. 2002]).

In 2006, Pouncil filed another K.S.A. 60-1507 motion. The district court summarily dismissed his motion as untimely, and a panel of this court affirmed. *Pouncil v. State*, No. 98,276, 2008 WL 2251221 (Kan. App. 2008) (unpublished opinion).

In 2013, Pouncil moved to correct an illegal sentence under K.S.A. 22-3504. He argued his sentence was unconstitutional under *Apprendi* because the district court based the upward departure on its own fact-finding. The district court denied the motion, finding his sentence was legal and *Apprendi* did not apply retroactively. A panel of this court affirmed on appeal. *State v. Pouncil*, No. 111,845, 2015 WL 4879130 (Kan. App. 2015) (unpublished opinion).

In 2017, Pouncil filed a "Motion to Correct an Unconstitutional Sentence." In the motion, he "withdrew his consent" to his K.S.A. 2017 Supp. 60-1507 motion because a K.S.A. 2017 Supp. 60-1507 motion could not provide him relief. Instead, he claimed his upward departure sentence was void because it was unconstitutional under *Apprendi*.

The district court summarily dismissed Pouncil's motion:

"Oral argument is neither necessary nor helpful to the resolution of [Pouncil's] motion. In his motion, [he] seeks to attack the constitutionality of his sentence. [His] sentence was a lawful sentence, and [his] exclusive remedy to make a constitutional attack is under K.S.A. 60-1507. Moreover, [his] constitutional attack has been previously raised and decided adversely to [him]. As such, his present motion is barred by res judicata and collateral estoppel. Motion is denied."

Pouncil appeals.

ANALYSIS

On appeal, Pouncil argues the district erred in summarily denying his motion to correct an unconstitutional sentence. The State responds res judicata bars his claim, and his claim also fails on the merits. Both parties agree we have de novo review of the district court's summary denial of Pouncil's motion because we have the same access to the motions, records, and files as the district court. *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016) (holding appellate courts have de novo review of summary denial of motion to correct illegal sentence); *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) (holding appellate courts have de novo review of summary denial of K.S.A. 60-1507 motion).

3

To begin with, Pouncil acknowledges that his sentence is legal under K.S.A. 2018 Supp. 22-3504. He also believes that a K.S.A. 2018 Supp. 60-1507 motion is "inadequate and ineffective" to address his challenge to the constitutionality of his sentence. But as the district court correctly held, K.S.A. 2018 Supp. 60-1507 provides the exclusive statutory remedy to collaterally attack a criminal conviction or sentence. See *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 1, 298 P.3d 349 (2013) (holding defendant could not use K.S.A. 60-260 motion for relief from void judgment to collaterally attack criminal conviction and sentence).

The doctrines of res judicata and collateral estoppel also bar Pouncil's argument. Res judicata prevents relitigation of a final judgment. *In re Tax Appeal of Fleet*, 293 Kan. 768, 777, 272 P.3d 583 (2012). It applies when a litigant has previously raised an issue and that issue was decided on the merits, or the litigant could have raised the issue but did not. *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012). Collateral estoppel prevents relitigation of the same issue between the same parties, even when one of the parties raises the issue in a different cause of action. *Fleet*, 293 Kan. at 778. Whether res judicata or collateral estoppel applies is a question of law subject to unlimited review. 293 Kan. at 777.

Pouncil filed a K.S.A. 60-1507 motion in 2006, six years after *Apprendi*, but he does not appear to have argued his sentence was unconstitutional under that decision. *Pouncil*, 2008 WL 2251221. He later moved to correct an illegal sentence raising this argument, and this court found his argument lacked merit. *Pouncil*, 2015 WL 4879130, at *2. As a result, res judicata and collateral estoppel bar reconsideration of his claim.

Even if we were to consider his claim, it lacks merit. Pouncil asserts his upward departure sentence is unconstitutional under *Apprendi*. But the Kansas Supreme Court has already held that *Apprendi* does not apply retroactively. *Whisler v. State*, 272 Kan. 864, Syl. ¶ 2, 36 P.3d 290 (2001); *State v. Gould*, 271 Kan. 394, 414, 23 P.3d 801 (2001);

4

see *Mora*, 293 F.3d at 1219. Because Pouncil's case was final before *Apprendi* came down, his argument fails. See *Pouncil*, 2015 WL 4879130, at *2.

To avoid this legal finding, Pouncil claims his sentence is void because it is unconstitutional and cites *Richard v. Hand*, 182 Kan. 326, 330, 320 P.2d 837 (1958), *superseded by statute on other grounds as stated in State v. Patry*, 266 Kan. 108, 967 P.2d 737 (1998), that "an erroneous and irregular sentence (is) the same as a void sentence and thus within the power of the court to substitute a new and valid sentence." He argues that because it is void, it was not final when *Apprendi* was decided, and *Apprendi* still applies. But Pouncil's reasoning is circular—he is asking us to apply *Apprendi* to his sentence so we can find that *Apprendi* applies to his sentence. So this argument also fails, and Pouncil is not entitled to relief.

Affirmed.