NOT DESIGNATED FOR PUBLICATION

Nos. 122,873
122,874

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICKEY DEWAINE COOK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed August 13, 2021. Sentences vacated and case remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL and CLINE, JJ.

PER CURIAM: At both parties' request, we vacate Rickey Dewaine Cook's sentences because the district court incorrectly calculated his criminal history score. Since Cook's presentence investigation did not include one or more subsequent criminal convictions, we remand for a new presentencing investigation before resentencing.

1

Cook pled guilty to various charges and received probation. His probation was revoked after he pled guilty to a new crime committed in December 2017. His 1987 conviction for "[b]urglary of a [h]abitation" in Texas was scored as a person felony in the new case, creating a criminal history score of C. The district court imposed sentences based on this criminal history score.

On appeal, both parties agree Cook's criminal history score was wrongly calculated under *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018). In *Wetrich*, the Kansas Supreme Court held that, when calculating a criminal history score, a conviction from another state is classified as a person or nonperson offense by comparing similar "offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed." 307 Kan. 552, Syl. ¶ 2. Under K.S.A. 2017 Supp. 21-6811(e)(3) (the amended version of K.S.A. 21-4711[e]), to be comparable to an offense under the Kansas criminal code, the out-of-state crime's elements cannot be broader than the elements of the Kansas crime. Said another way, the elements of the out-of-state crime must be either identical to, or narrower than, the elements of the referenced Kansas crime. *Wetrich*, 307 Kan. 552, Syl. ¶ 3.

Both parties agree Cook's 1987 Texas conviction should be reclassified as a nonperson felony because the elements of that out-of-state crime are broader than the elements of the comparable crime in Kansas. After review of the record and applicable law, we find the parties are correct and Cook should be resentenced. The statute under which Cook was convicted, Tex. Penal Code Ann. § 30.02 (West 1974), is indeed broader than Kansas' comparable residential burglary statute, K.S.A. 2017 Supp. 21-5807(a)(1). Texas criminalizes burglary of structures "appurtenant to" a structure or vehicle while, at the time of Cook's convictions, Kansas did not. We must determine the legality of Cook's sentence by the law in effect when his crime was committed. See *Wetrich*, 307 Kan. 552, Syl. ¶ 2.

We may consider challenges to a criminal history score for the first time on appeal because a scoring error causes an illegal sentence. *State v. Dickey*, 305 Kan. 217, 219, 380 P.3d 230 (2016). We have the authority to correct an illegal sentence at any time while the sentence is being served. K.S.A. 2020 Supp. 22-3504(a). Since our determination of whether a prior conviction should be classified as a nonperson or person offense requires an interpretation of the Kansas Sentencing Guidelines Act, we have unlimited review of the district court's actions. *State v. Keel*, 302 Kan. 560, Syl. ¶ 4, 357 P.3d 251 (2015).

Here, the parties agree we should remand to the district court for resentencing. While Cook asks us to qualify his new criminal history score as E, the State asks us to direct the district court to conduct a new presentence investigation before resentencing.

We agree with the State that a new presentence investigation is required. The record reveals Cook was convicted of one or possibly more crimes after his original sentencing, which should be part of his presentence investigation before resentencing. *State v. Patry*, 266 Kan. 108, 111, 967 P.2d 737 (1998) (finding criminal convictions occurring in separate case after sentencing should be used in determining criminal history under Act when resentencing, when interpreting precursor to K.S.A. 2017 Supp. 21-6810[a]).

Because Cook's sentences are illegal, we vacate them and remand to the district court for resentencing with directions that the district court conduct a new presentencing investigation that classifies Cook's 1987 Texas burglary as a nonperson felony.

Sentences vacated and case remanded with directions.