NOT DESIGNATED FOR PUBLICATION

No. 127,469

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DALE M.L. DENNEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Submitted without oral argument. Opinion filed March 13, 2026. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Dale M.L. Denney appeals from the district court's summary denial of his latest motion to correct illegal sentence. He also appeals from the district court's denial of his motion to reconsider. Based on our review of the record on appeal, we find that the district court did not err in denying his motion to correct illegal sentence. Likewise, we find that the district court did not abuse its discretion by denying his motion to reconsider. Thus, we affirm both the summary denial of Denney's motion to correct illegal sentence and the denial of his motion to reconsider.

1

In 1993, a jury convicted Denney of two counts of aggravated criminal sodomy, two counts of aggravated sexual battery, two counts of aggravated weapons violations, and one count of aggravated battery in two separate criminal cases consolidated for trial. Denney was sentenced to a term of 36 years to life in one case and was originally sentenced to a consecutive term of 289 months in the other. However, the district court resentenced Denney the following day and reduced the controlling term in the second case to 228 months. After he was sentenced, Denney filed a direct appeal, and the Kansas Supreme Court affirmed his convictions. *State v. Denney*, 258 Kan. 437, 448, 905 P.2d 657 (1995).

Over the years, Denney has filed numerous motions and related appeals. See *State v. Denney*, No. 128,401, 2026 WL 119994 (Kan. 2026) (motion to correct illegal sentence); *Denney v. Zmuda*, No. 128,536, 2025 WL 2427759 (Kan. App. 2025) (unpublished opinion) (K.S.A. 60-1501 petition); *Denney v. State*, No. 126,784, 2024 WL 3738410 (Kan. App. 2024) (unpublished opinion) (K.S.A. 60-1507 motion); *State v. Denney*, No. 125,436, 2024 WL 1231154 (Kan. App. 2024) (unpublished opinion) (motion for DNA testing); *State v. Denney*, No. 105,681, 2012 WL 402012 (Kan. App. 2012) (unpublished opinion) (motion to correct illegal sentence); *Denney v. State*, No. 82,220, 2000 WL 36745715 (Kan. App. 2000) (unpublished opinion).

On December 17, 2021, Denney filed a pro se motion to correct illegal sentence that is the subject of this appeal. In the motion, Denney asserted that his sentences did not conform to the applicable statutory provisions because his convictions represented a single event for sentencing purposes. As such, he claimed that his sentences violated the "double rule" as set forth in K.S.A. 1993 Supp. 21-4720(b)(4). He also claimed that his sentences were illegal because the district court allegedly believed that it was required to impose consecutive sentences.

Denney also filed multiple supplemental filings, including one on May 11, 2022, in which he argued that his sentence violated the double rule. In response to Denney's motion, the State asserted that an evidentiary hearing was unnecessary. After appointing counsel to represent Denney on his motion to correct illegal sentence, the district court held a nonevidentiary hearing. At the end of the hearing, the district court granted leave to the parties to file supplemental briefing. After receiving the supplemental briefs from the parties, the district court issued a journal entry summarily denying Denney's motion. In doing so, the district court found:

(1) Denney's argument that the district court thought he was still on parole for his 1987 conviction was based on speculation and was not supported by the record;

(2) the district court appropriately sentenced Denney under the sentencing statutes in effect at the time his offenses were committed;

(3) K.S.A. 1993 Supp. 21-4720(b) did not apply to the 1992 crimes because the Kansas Sentencing Guidelines Act (KSGA) was not in effect at the time the crimes were committed;

(4) the holding in *State v. Dixon*, 60 Kan. App. 2d 100, 492 P.3d 455 (2021), did not apply retroactively;

(5) Denney's sentence decreased rather than increased at the March 3, 1993, resentencing; and

(6) the record did not show any vindictiveness on the part of the sentencing judge.

In denying a motion to reconsider subsequently filed by Denney, the district court found that his arguments in support of his motion to correct illegal sentence had been thoroughly considered. Thereafter, Denney filed a timely notice of appeal both from the district court's denial of his motion to correct illegal sentence and from the district court's denial of his motion to reconsider.

ANALYSIS

*Summary Denial of Motion to Correct Illegal Sentence*

On appeal, Denney first contends that his sentences were illegal. In particular, Denny argues that (1) the convictions in the 1993 cases constituted a "single conviction event," and—as a result—the sentences imposed by the district court violated the "double rule"; (2) the district court erroneously believed that he was on parole when he committed the crimes charged in the 1993 cases and—as a result—unlawfully imposed mandatory consecutive sentences; (3) the district court erred by resentencing him to a harsher penalty on the day after he was originally sentenced; and (4) the district court was vindictive in resentencing him.

When a district court summarily denies a motion to correct illegal sentence, our review is de novo because we have the same access to the motion, records, and files as the district court. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). In addition, the determination of whether a sentence is illegal is a question of law over which we exercise unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

An illegal sentence is one that (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provision, either in character or the term of punishment; or (3) is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 22-3504(c)(1); see *State v. Cook*, 319 Kan. 777, 779, 560 P.3d 1188 (2024). Because the interpretation of statutes is a question of law, our review is also unlimited. *Daniels*, 319 Kan. at 342. As used in K.S.A. 22-3504, the term "applicable statutory provision" means one defining the crime, setting the category of punishment, or involving the defendant's criminal history classification. 319 Kan. at 779.

4

Kansas courts may correct an illegal sentence at any time while a defendant is serving the sentence. K.S.A. 22-3504(a). Still, the circumstances under which a sentence is deemed illegal under K.S.A. 22-3504 are "'narrowly and specifically defined.'" *State v. Donahue*, 309 Kan. 265, 267, 434 P.3d 230 (2019). While a defendant is generally sentenced under the laws in effect at the time the crime was convicted, the legality of a sentence is controlled by the law in effect at the time it was pronounced. *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019). Furthermore, a sentence does not become illegal because of a change in the law that occurs after the sentence is pronounced. K.S.A. 22-3504(c)(1).

We note that Denney's arguments are more complex than in most cases involving a motion to correct illegal sentence. This is because his sentence in Case No. 1993 CR 1343 is controlled by the sentencing statutes in effect prior to the KSGA becoming effective on July 1, 1993. But his sentence in Case No. 1993 CR 1268 is controlled by the KSGA.

Denney argues that his consecutive sentences violated the "double rule" set forth in K.S.A. 1993 Supp. 21-4720(b) because his convictions should have been classified as a "single conviction event" under K.S.A. 1993 Supp. 21-4703(c). As such, Denney suggests his total sentence cannot exceed 288 months. In support of his position, he cites *State v. Riley*, 259 Kan. 774, Syl. ¶ 5, 915 P.2d 774 (1996), in which the Kansas Supreme Court held that "[m]ultiple convictions in several cases on a single day in a single court are a single 'conviction event' under the 1993 version of the Kansas Sentencing Guidelines Act."

In denying Denney's motion to correct illegal sentence, the district court found:

"Denney's reliance on *Riley* is misplaced. The State correctly points out that the 1993 sentencing statutes apply to only the 93CR1268. The crimes of the other case, 93CR1343,

5

being committed in October, 1992, prior to the July 01, 1993, implementation date of the sentencing guidelines, were sentenced under the law in effect in October, 1992, namely 1992 Supp. 21-4601. Put simply, the 1993 statute was not law when the 1992 crimes were committed and the Court declines Denney's invitation to apply it to the 1992 crimes."

We agree with the district court's analysis.

"It is well established that criminal statutes in effect at the time of the offense control the charge as well as the sentence resulting therefrom." *State v. Patry*, 266 Kan. 108, 111, 967 P.2d 737 (1998). In other words, a defendant convicted of a crime is sentenced under the sentencing laws in effect at the time the crime was committed. *State v. McLinn*, 307 Kan. 307, 337, 409 P.3d 1 (2018). Based on our review of the record on appeal, we find that the district court followed this fundamental rule in sentencing Denney.

The record reveals that the crimes in Case No. 1993 CR 1343 were committed before July 1, 1993; and the crimes in Case No. 1993 CR 1268 were committed after July 1, 1993. As a result, K.S.A. 1993 Supp. 21-4720(b)(4) applies only to the sentencing in Case No. 1993 CR 1268. On the other hand, the sentencing in Case No. 1993 CR 1343 was controlled by K.S.A. 1992 Supp. 21-4601. See *State v. Denney*, 278 Kan. 643, 101 P.3d 1257 (2004) (denying Denney's motion to correct an illegal sentence and finding that the KSGA did not apply to his crimes committed in October 1992).

Although Denney seems to suggest that he is somehow entitled to relief under *State v. Dixon*, 60 Kan. App. 2d 100, 492 P.3d 455 (2021), he acknowledges that he merely cites *Dixon* to help explain the history of the double rule. Because Denney is not arguing that the change in the law reflected in *Dixon* should apply retroactively to his 1993 convictions, he has waived any argument that it should apply here.

6

Denney does argue that both of his 1993 cases should be treated as a "single conviction event" and that the "double rule" should have been applied to his sentences. Again, our Supreme Court has explained that "'[t]he legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced'" and that "'a pronounced sentence is either legal or illegal according to then-existing law.'" *State v. Weber*, 309 Kan. 1203, 1209, 442 P.3d 1044 (2019) (quoting *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 [2019]). But the actual sentence and punishment is set by the statutory framework in effect at the time the crime was committed. *McLinn*, 307 Kan. at 337.

We find as a matter of law that the "double rule" set forth in K.S.A. 1993 Supp. 21-4720(b)(4) does not apply to Denney's sentence in Case No. 1993 CR 1343. This is because the crimes of conviction in Case No. 1993 CR 1343 occurred before the effective date of the statute. Accordingly, we conclude that Denney has failed to show that his sentences were illegal.

In addition, Denney argues that the district court ordered him to serve consecutive sentences because it erroneously believed that he was on parole or probation in a 1987 case at the time he committed the crimes in his 1993 cases. However, Denney cites nothing in the record to establish that the district court believed consecutive sentences were mandatory. Although Denney asserts that "it is likely that the sentencing court believed he was on parole at the time," a review of the transcripts from the sentencing proceedings does not confirm this assertion. In fact, at the sentencing hearings, the district court did not mention Denney's 1987 case nor was the question of whether he was on parole or probation discussed.

Under both K.S.A. 1992 Supp. 21-4608(1) and K.S.A. 1993 Supp. 21-4608(a), the district court had the discretion to order the sentences to run concurrent or consecutive. Since Denney is unable to point to anything in the record on appeal to support his

assertion that the district court erroneously exercised its discretion in imposing consecutive sentences, we find that he fails to meet his burden to show his sentence was illegal for this reason.

Denney also suggests that the district court resentenced him to a harsher sentence in Case No. 1993 CR 1268 than the original sentence it imposed the previous day. Once again, this argument is not supported by the record on appeal. Rather, a review of the record reveals that the district court actually imposed a shorter sentence in Case No. 1993 CR 1268 when it resentenced Denney.

Originally, the district court imposed a controlling sentence of 289 months in 1993 CR 1268 to run consecutive to a 36 years to life sentence imposed in Case No. 1993 CR 1343. The next day, on March 3, 1994, the district court resentenced Denney after it recognized that the original sentence was incorrect because it used a criminal history score of B for all the crimes of conviction in Case No. 1993 CR 1268 instead of just for the base crime. Significantly, the district court did not change the sentence in Case No. 1993 CR 1343, but it did reduce the controlling sentence in Case No. 1993 CR 1268 from 289 months to 228 months.

In other words, the district court caught its mistake and appropriately made the decision to correct the mistake the day after Denney was originally sentenced. In doing so, the district court did not impose a harsher sentence. Instead, the district court reduced the controlling sentence in one case while leaving the sentence in the other case in place. As noted above, Kansas courts may correct an illegal sentence at any time. K.S.A. 22-3504(a).

In summary, the district court initially sentenced Denney in Case No. 1993 CR 1268 using an incorrect criminal history score. The following day, the district court corrected its error and imposed a controlling sentence that was shorter than the

8

controlling sentence that was initially imposed. Denney has failed to show that the district court imposed an illegal sentence by imposing a greater sentence than the one previously imposed. Under these circumstances, we conclude that Denney has failed to meet his burden to show his sentence was illegal for this reason.

Next, Denney argues that the district court vindictively sentenced him without considering mitigating factors. But a review of the record reveals that Denney received a presumptive sentence within the parameters established by Kansas law. As discussed above, a sentence is illegal under K.S.A. 22-3504(c)(1) only if it: (1) was imposed by a court lacking jurisdiction; (2) does not conform to statutory provisions in character or term of punishment authorized; or (3) is ambiguous with regard to the time and manner it is to be served. *Cook*, 319 Kan. at 779. As our Supreme court has "'repeatedly held . . . K.S.A. 22-3504(1) has very limited applicability.' [Citations omitted.]" *Makthepharak v. State*, 298 Kan. 573, 581, 314 P.3d 876 (2013).

A panel of this court has found that a motion to correct illegal sentence under K.S.A. 22-3504 is not a proper vehicle for asserting a claim of judicial vindictiveness. See *State v. Lewis*, No. 122,848, 2021 WL 1704344, at *2 (Kan. App. 2021) (unpublished opinion). This is because a claim that a district court has acted vindictively is derived from the right to due process under the Fourteenth Amendment to the United States Constitution, and a claim of constitutional error in sentencing is not appropriately raised in a motion to correct illegal sentence under K.S.A. 22-3504. 2021 WL 1704344, at *3.

Here, in denying Denney's motion to correct illegal sentence, the district court appropriately found that Denney's "sentence was not increased upon resentencing, but decreased, defeating any claim of retaliatory behavior by the sentencing judge." As addressed above, the record on appeal confirms this fact. Additionally, we note that Denney fails to provide any support for his claim that the district court acted vindictively. Even though Denney attached several documents to his motion to correct illegal sentence

that he claims show that the district court ignored mitigating factors at sentencing, he acknowledges that the district court did not have this purported "mitigating evidence" at the time of sentencing.

Because a motion to correct illegal sentence is not an appropriate procedural vehicle to resolve a claim of judicial vindictiveness and Denny has failed to show that the district court was either vindictive or failed to consider mitigating factors, we find that the district court properly denied the motion on this contention. In conclusion, we find that Denney has failed to show that his sentences were illegal for any of the reasons raised on appeal.

*Denial of Motion to Reconsider*

Denney contends that the district court erred by denying his motion to reconsider the denial of his motion to correct illegal sentence. A motion to reconsider provides the district court with an opportunity to reexamine its rulings, and such motions are generally treated as motions to alter or amend judgment. See K.S.A. 60-259(f); *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 900, 89 P.3d 536 (2004). We review a denial of a motion to reconsider or alter or amend judgment for an abuse of discretion. *State v. Campbell*, 317 Kan. 511, 529, 532 P.3d 425 (2023).

Here, Denny's motion to reconsider merely repeated the arguments asserted in his motion to correct illegal sentence. The district court denied the motion to reconsider for this reason. Similarly, given the fact that Denney did not raise new arguments—and we have found that the district court properly denied his motion to correct illegal sentence—we find that the district court appropriately exercised its discretion in denying Denney's motion to reconsider.

Affirmed.